**Vern V. McGREW, Independent Executor, Appellant,**

v.

**Jay BARTLETT, a Minor, Appellee.**

**No. 14507.**

Court of Civil Appeals of Texas.

Houston.

Feb. 18, 1965.

Rehearing Denied March 11, 1965.

Vern V. McGrew, Jr., Houston, for appellant.

Spinn, Ehlert & Spinn; Richard Spinn, Brenham, for appellee.

WERLEIN, Justice.

This is an appeal from the judgment of the District Court denying the probate of the alleged last will and testament of Alta Gray Bartlett who died January 21, 1963, in Washington County, Texas. The sole question before us is whether the deceased properly executed a will in conformity with Section 59 of the Probate Code of the State of Texas, V.A.T.S.

According to the agreed statement of facts, the writing offered for probate consists of five consecutively numbered typewritten pages bound front and back with bond paper and securely fastened in the left-hand margin with tied ribbon. The first 3½ pages provide for the disposition of property and the appointment of an executor and trustee. Commencing in the middle of the fourth page is the testimoni-

al clause followed by a blank for the signature of the testatrix, which is followed by an attestation clause with blanks for the signatures of two witnesses. The last blank for witness signature is located approximately two inches from the bottom of page 4. Page 5 contains only a self-proving affidavit in conformity with Section 59 of the Probate Code. The said Alta Gray Bartlett, Deceased, had in her possession, on the 27th day of October, 1962, said writing or instrument which was entitled "Last Will and Testament of Alta Gray Bartlett," and on such date she and Horace McDaniel and Mrs. Kate McDaniel signed and executed the self-proving affidavit attached to the unexecuted will before M. C. Bennett, Notary Public in and for Washington County, Texas.

In the District Court the proponent introduced the Question-and-Answer testimony of Mrs. Kate McDaniel filed in the County Court of Washington County, Texas. Mrs. McDaniel testified in substance that on Ocober 27, 1962 she was present in the home of Mrs. Alta Gray Bartlett, and that Mrs. Bartlett asked her to witness her will which was lying on the table; that someone had brought it in and she said "There's my will. Would you like to read it while you wait?"; that she read the will completely through. She further testified:

"Q. After you read the will, did Mrs. Bartlett sign at that time?

"A. To the best of my knowledge, it seemed like I signed first and she signed it last.

"Q. This is a very important point. Now, at the time of the signing of the will, who was present?

"A. My husband was, and this notary public. I do not recall his name, but he showed Mrs. Bartlett where to sign, but I believe I signed last.

"Q. Is this your signature?

"A. This is mine.

"Q. Now, Mrs. Bartlett did declare that this instrument was her last will?

"A. Yes, she did and asked me to sign and asked my husband to sign it.

"Q. And you signed it in the presence of Mrs. Bartlett?

"A. Mrs. Bartlett, my husband and this notary public."

The County Judge asked questions and elicited answers as follows:

"Q. I imagine nobody present there knew that they had to sign over here?

"A. No, it was not discussed. I cannot understand why this man there, the notary public did not tell us. He showed Mrs. Bartlett where to sign and he showed me where to sign and showed my husband where to sign.

"Q. Are you familiar with her signature?

"A. Yes.

"Q. You would say then that the instrument introduced is signed with her signature?

"A. That is her signature. I handed it to her and we laid it on the table and signed it."

■ It is clear that the will, consisting of the first four pages, was not executed in conformity with Section 59 of the Probate Code of Texas. It is not signed by the testatrix at any place. Nor is it signed by any witness. The blanks for dates and signatures were never filled in.

Section 59 of the Probate Code provides:

"Every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator in person or by another person for him by his direction and in his presence, and shall, if not wholly in the handwriting of the testator, be attested by two (2) or more credible

witnesses above the age of fourteen (14) years who shall subscribe their names thereto in their own handwriting in the presence of the testator. Such a will or testament may, at the time of its execution or at any subsequent date during the lifetime of the testator and the witnesses, be made self-proved, and the testimony of the witnesses in the probate thereof may be made unnecessary, by the affidavits of the testator and the attesting witnesses, made before an officer authorized to take acknowledgments to deeds of conveyance and to administer oaths under the laws of this state * * *."

The self-proving affidavit on page 5 of the instrument reads as follows:

THE STATE OF TEXAS }
COUNTY OF WASHINGTON }

BEFORE ME, the undersigned authority, on this day personally appeared ALTA GRAY BARTLETT, Horace McDaniel and Kate McDaniel, known to me to be the Testatrix and the Witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and, all of said persons being by me duly sworn, the said ALTA GRAY BARTLETT, Testatrix, declared to me and to the said Witnesses in my presence that said instrument is her LAST WILL AND TESTAMENT, And that she had willingly made and executed it as her free act and deed for the purposes therein expressed; and the said Witnesses, each on his oath stated to me, in the presence and hearing of the said Testatrix, that the said Testatrix had declared to them that said instrument is her LAST WILL AND TESTAMENT, and that she executed same as such and wanted each of them to sign it as a witness; and upon their oaths each Witness stated further that they did sign the same as witnesses in the presence of the said Testatrix and at her request; that she was at that time nineteen years of age or over and was of sound mind; and that each of said Witnesses was then at least fourteen years of age.

(signed) Alta Gray Bartlett
ALTA GRAY BARTLETT, Testatrix

(signed) Horace McDaniel
Witness

(signed) Mrs. Kate McDaniel
Witness

SUBSCRIBED AND ACKNOWLEDGED before me by the said ALTA GRAY BARTLETT, Testatrix, and subscribed and sworn to before me by the said ALTA GRAY BARTLETT and Horace & Kate McDaniel, Witnesses, this 27th day of October, 1962.

(signed) M. C. Bennett
Notary Public in and for
(seal) Washington County, Texas.

Appellant contends that since it is clear from the testimony of Mrs. McDaniel that the testatrix executed the self-proving affidavit intending to execute her last will and testament, and further since the will and the affidavit physically attached thereto are merged into one instrument, and it is immaterial in Texas at what place on the instrument the deceased signed, there was a sufficient compliance with Section 59 of the Probate Code. See Lawson v. Dawson, 21 Tex.Civ.App. 361, 53 S.W. 64, error ref. In the alternative, appellant asserts that in the event the will and affidavit are considered as two separate and distinct instruments, then the effect of the execution of the affidavit was to publish and validate the unexecuted will. Appellant cites a number of cases supporting his contention that a later codicil may constitute a republication of a defective will. Such cases are factually distinguishable from the instant case.

We do not agree with appellant's contention. The self-proving affidavit is

neither merged in the will nor does it amount to a republication of the unexecuted will. As stated by the court in In Re Price's Estate, Tex.Sup.1964, 375 S.W.2d 900: "Of course the self proving provisions have only the effect of authorizing the substitution of affidavits in lieu of testimony offered before the court."

This statement, in our opinion, correctly announces the function of the self-proving affidavit. Section 59 of the Probate Code after stating the requisites of a written will, then states: "Such a will or testament may, at the time of its execution, or at any subsequent date during the lifetime of the testator and the witnesses, be made self-proved * * *" This clearly indicates that the affidavit is executed merely for the purpose of making the will self-proving. It refers to the last will or testament as "Such a will or testament" and does not undertake to incorporate the affidavit as a part of the will or testament. The language clearly imports that the will must be duly signed by the testator, and subscribed by the two attesting witnesses before the self-proving affidavit can be executed. The execution of the will is a condition precedent to the execution of the self-proving affidavit under Section 59. Moreover, Section 59 provides: "A self-proved will may be admitted to probate without the testimony of any subscribing witness, *but otherwise it shall be treated no differently than a will not self-proved.*" (Emphasis supplied) This language can mean only what it says, namely, that the affidavit adds nothing to the will, since the self-proved will shall be treated no differently than a will not self-proved.

In the instant case the will itself was not signed by either the testatrix or the witnesses. The affidavit attached to the will, as the record shows, does not state the truth in stating that the testatrix' and witnesses' names are subscribed to the foregoing instrument in their respective capacities. The testatrix and witnesses may have thought they were signing a will, but in truth and fact they did not do so. The affidavit merely refers to an unsigned and unwitnessed form of will preceding it. It does not purport to be a codicil nor does it attempt to adopt by reference or incorporate or republish the unexecuted form of will.

Furthermore, the affidavit cannot be construed as a codicil or a will since it was not executed with testamentary intent that it in itself constitute a will or a codicil. Its language makes no reference to its own execution but only to the annexed or foregoing instrument as one that had been signed and witnessed previously. In Caywood v. Caywood, Tex.Civ.App., 216 S.W. 2d 821, writ ref., the instrument offered for probate was a letter written by a navy pilot to his mother which contained the statement, "You see my Will is made out to you and sister so this will be easy for you to get if I was to have a little hard luck." The judgment of the district court admitting the letter to probate was reversed and rendered by the Court of Civil Appeals, which said: "So, in the instant case, if the deceased meant only to say that he had executed a will and to state to whom he had disposed of his property in such will, then the language used would not constitute a will. * * *". The court concluded that the writer intended that his mother and sister would receive his property, not by the provisions of the letter but by the terms of the will that he said he had previously executed. So, in the instant case the testatrix could not have intended that the beneficiaries named in her will would receive the property by the provisions of the affidavit, but by the terms of the will which she thought she executed but which she in fact did not execute. See also Hinson v. Hinson, 1955, 154 Tex. 561, 280 S.W.2d 731.

It is our view that the self-proving provisions have only the effect of authorizing the substitution of affidavits in lieu of testimony offered before the court. The effect of construing the affidavit as a will or

part thereof would be to nullify the mandatory requirements for the making of a valid will under Section 59 of the Probate Code of Texas.

Judgment affirmed.