In re The ESTATE of Cleveland A. PETTENGILL, Deceased.

Francis E. HANSEN, Trustee, Appellant,

v.

Harley D. BROCK and Emma Pettengill Mooney, Appellees.

No. 8439.

Court of Civil Appeals of Texas, Amarillo.

April 1, 1974.

Rehearing Denied April 29, 1974.

**464**

Richard W. Brainerd, Vega, for appellant.

Stokes, Carnahan & Fields (Gary W. Barnard), Amarillo, for appellees.

ELLIS, Chief Justice.

Proponents of the Last Will and Testament of Cleveland A. Pettengill, deceased, have appealed the order of the district court granting summary judgment whereby such will was denied probate as being fatally defective on its face. Affirmed.

The County Court of Oldham County admitted an instrument purporting to be the Last Will and Testament of Cleveland A. Pettengill, deceased, to probate and then, upon motion by Emma P. Mooney, sister of the deceased, reconsidered and denied probate for the reason that the instrument was defective, as a will, on its face. Issuance of a Writ of Certiorari was ordered by the district court and a complete certified record of the proceedings in the county court was transmitted to the district court. Upon hearing, summary judgment was granted stating that no genuine issue as to any material fact had been presented by proponents of the will. This appeal has been perfected from that proceeding.

Cleveland A. Pettengill signed each of three typewritten pages of an instrument appearing to be a will. Attached thereto with pages numbered 4 and 5 is a self-proving clause [1] signed by the deceased and two witnesses. The testamentary dispositive clauses purport to make a specific bequest to Elbert L. Whitten with the rest and residue to Walter N. Johnson, Presiding Bishop, as Trustee in Trust for the Reorganized Church of Jesus Christ of Latter Day Saints, and his successor in office for the use and benefit of the office and work of Council of Twelve of said Church, proponents in this action.

The witnesses did not sign the instrument purporting to be a will, but signed only the self-proving clause. The question presented is whether the failure to witness the instrument itself renders this instrument so defective on its face as to be null and void as a will as a matter of law. We hold that it is so defective.

---

1. Self-proving clause is substantially the same as the one set out in V.A.T.S. Probate Code § 59.

■ In order to be valid, a will, if not wholly in the handwriting of the testator, must be attested by two or more credible witnesses. Buchanan v. Thrasher, 387 S. W.2d 950 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.). The self-proving clause only allows the will to be probated without the necessity of testimony of any subscribing witnesses, but otherwise the will is to be treated as one not so self-proved. Vernon's Annotated Texas Statutes, Probate Code § 59. Since this instrument was not properly witnessed, it cannot be effective as a valid will.

■ The fundamental question here presented was involved in Boren v. Boren, 402 S.W.2d 728 (Tex.1966), and in McGrew v. Bartlett, 387 S.W.2d 702 (Tex. Civ.App.—Houston 1965, writ ref'd). In both cases, it was held that the self-proving clause was to be used to eliminate the necessity of testimony of the subscribing witnesses and was not a part of the will itself. There must first be a valid will, properly witnessed, before the self-proving clause is effective. In both cases there were instruments purporting to be wills without subscribing witnesses on the instruments themselves, but affixed thereto were self-proving clauses similar to the one in this case. In the case of McGrew v. Bartlett, supra, the court held that a will was a nullity because the signatures of the testator and the witnesses appeared on the self-proving provisions but not on the will itself.

■ In the instant case, the first three pages appearing to be the will are signed by the testator but not by the witnesses. In the light of the *McGrew* and *Boren* cases, the self-proving clause is not, by law, a portion of the will even though attached thereto, for a will not witnessed on its body can be of no force and effect as a matter of law. The will itself, in the instant case, is not witnessed in any manner; therefore, from the face of the instrument, it can be determined that it is not valid as a will and a summary judgment is proper. Accordingly, appellant's points numbers two and three are overruled.

Appellant also contends, by point one, that it was error to grant a summary judgment since the unverified motion was unaccompanied by certified copies of the documents and records referred to in the motion; therefore, Rule 166–A, Texas Rules of Civil Procedure, was not strictly followed.

By appellant's own application for Writ of Certiorari, he requested that a certified copy of the records be transmitted from the county court to the district court and it was so ordered. Therefore, the court had before it each and every document referred to in appellees' motion for summary judgment, including the copy of the will and order denying probate, all of which were certified of record and before the district court as a part of the record for the purpose of being reviewed at the time of the hearing on the motion for summary judgment. Further, it has been held that "(i)f by reference to the pleadings . . . and other records which the trial court might properly notice, there was ground for a judgment as a matter of law for the movant . . . summary judgment was proper." Willoughby v. Jones, 151 Tex. 435, 251 S.W.2d 508 (1952).

The case of Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274 (1961) is cited in support of appellant's contention concerning the failure to attach certified copies to the motion. In that · case, there were no records before the court for review. The movant there asked for summary judgment based on the doctrine of res judicata and referred to a previous judgment in the same court. The records of that previous case were not on file nor before the court in the new action; therefore, there was no proof available to support the granting of the summary judgment. In the case at bar, all documents referred to in appellees'

motion were certified as a part of the same case and available for the court's consideration at the hearing. It is therefore our opinion that the holding in Gardner v. Martin, supra, is not applicable here.

■ It is proper under Rule 166–A(c), T.R.C.P., for the court to render judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In the instant case, a certified copy of the purported will and the order of the county court denying probate were before the district court by request of appellant, and the whole basis for the relief sought by appellant is the review of such instruments, which, as above stated, show on their face that no cause of action nor any material issue of fact was presented.

■ In addition, neither party complained of the district court's consideration of the documents at the hearing, and the appellant may not raise such objection for the first time on appeal where it fairly appears that no genuine issue as to any material fact exists and that the movant is entitled to judgment as a matter of law. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.1962). In view of the foregoing, appellant's point number one is overruled.

For the reasons above stated, we hold that, as a matter of law, the instrument purporting to be the will was not entitled to probate. Further, neither a cause of action nor issues of material fact were presented to the trial court, and the appellees' motion for summary judgment, supported by reference to the documents of record before the district court by virtue of the Writ of Certiorari, was properly granted. Accordingly, the judgment of the trial court is affirmed.