Marjorie L. McLEROY et al., Appellants,

v.

Nola Mae DOUTHIT, Appellee.

No. 17709.

Court of Civil Appeals of Texas, Fort Worth.

March 26, 1976.

Rehearing Denied April 23, 1976.

Farrar & Claunch, and James R. Claunch, Fort Worth, for appellants.

Mehl, Williams, Cummings & Truman, and B. Michael Cummings, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Nola Mae Douthit, former wife of Taylor Denney Barnett, deceased, filed her former husband's will, with application for its probate, in the Probate Court of Tarrant County in January, 1975. Over protest of contestants it was ordered admitted to probate on July 17, 1975. Contestants were Marjorie L. McLeroy and her sister, both daughters of Mrs. Douthit and Taylor Denney Barnett, deceased. They appealed the order of July 17, 1975, and are the appellants in this case.

Judgment reversed. Judgment here rendered denying probate of purported will of Taylor Denney Barnett, deceased.

Premise of our action of reversal is the conclusion that the will was not valid, but to the contrary was void because it did not meet the requirements of Texas statutes necessary to be complied with in order to make a proper will. In abbreviated form we will copy the will:

"THE STATE OF TEXAS
"COUNTY OF TARRANT

"KNOW ALL MEN BY THESE PRESENTS, that I, Taylor Denney Barnett . . . do hereby make, publish and declare this to be my last will and testament

. . ..

(Here follows bequest of all his estate to Nola Mae, his wife, and appointing her to be independent executrix without bond, etc.)

"This I make, publish and declare as my last will and testament, hereunto signing and subscribing my name this the 18th day of November, A.D. 1955, in the presence of the attesting witnesses listed below, each of which are above the age of twenty-one years and being credible persons, attest the same.

/s/ "Taylor Denney Barnett
"Testator"

(Here ends the instrument.)

Following the above, and appended thereto upon a separate sheet of paper, is the affidavit:

"THE STATE OF TEXAS
"COUNTY OF TARRANT

"Before me, the undersigned authority, on this day personally appeared Taylor Denney Barnett, known to be the testator and the witnesses, Lee S. Secrest and C. W. Goerte whose names are subscribed to the annexed instrument in their respective capacities, and all of said persons being by me duly sworn, the said Taylor Denney Barnett, the testator, declared to me and to the said witnesses in my presence that the said instrument is his last will and testament and that he had willingly made and executed it as his free act and deed for the purposes therein expressed, and the said witnesses, each on his oath stated to me in the presence and hearing of said testator that the said testator had declared to them that said instrument is his last will and testament, and that they executed same as such and wanted each of them to sign it as

witness; and upon their oath each witness stated further that they did sign the same as witnesses in the presence of said testator at his request; that they are more than twenty-one years old.

/s/ "Taylor Denney Barnett
"Testator
/s/ "Lee S. Secrest
"Witness
/s/ "C. W. Goerte
"Witness

"Subscribed and acknowledged before me by the said Taylor Denney Barnett, the testator, and subscribed and sworn to before me by the said Lee S. Secrest and C. W. Goerte, as witnesses, this the 18th day of November, A.D. 1955.

/s/ "Tom C. Chapman

"Notary Public, Tarrant
County, Texas."

■ From the foregoing it may be observed that we are dealing with a will which is demonstrably void "on the face of the record." The will is indeed the most important of all the instruments in the "record" or "judgment roll" where it is that will which is presented for probate.

Its character as a void will is because of the absence, as a part of the will itself, of signatures of at least two witnesses who have subscribed their names in their own handwriting upon the will in the presence of the testator. This is the requirement of law where a will is not wholly in the handwriting of a testator. V.A.T.S. Probate Code, Sec. 59, "Requisites of a Will", and V.A.T.S. Art. 8283, the statute it succeeded on January 1, 1956 which bore identical provision. *McGrew v. Bartlett*, 387 S.W.2d 702 (Tex.Civ.App., Houston, 1965, error refused).

The holding in *McGrew* is in accord with those in the greater part of the United States, the general rule being that a will must be executed in accordance with statutory requirements or it will be void, and these requirements apply to all instruments which are testamentary in character, unless otherwise proved. 94 C.J.S. "Wills" § 167, p. 964, "Statutory Requirements".

The only difference in the facts in *McGrew* from those in the instant case is the presence of the signature of Taylor Denney Barnett, as testator, on the face of the will, where in *McGrew* the testator had not signed the will, but had signed only the self-proving affidavit attached thereto. In both *McGrew* and the instant case the testator and two witnesses signed the self-proving affidavit, authorized for a prescribed purpose beginning January 1, 1956 by V.A.T.S. Probate Code, Sec. 59.

It is to be noticed that unlike the situation in *McGrew*, where due to the time of execution there was authorization for use of the self-proving affidavit, the will before us on the instant appeal was executed antecedent to January 1, 1956, at a time when provision relative thereto was no part of our law. Having been executed prior thereto it would constitute nothing of any consequence as applied to the transaction. Even had the will been properly executed so that it was valid and not void, it could not be treated as self-proving so that it might be proved upon probate without testimony of witnesses, as was required in all cases before January 1, 1956.

Likewise supporting our conclusion that the will is void are the following authorities: *Boren v. Boren*, 402 S.W.2d 728 (Tex. Sup., 1966); *In re Estate of Pettengill*, 508 S.W.2d 463 (Tex.Civ.App., Amarillo, 1974, writ ref., n. r. e.).

■ Mrs. Douthit points out that the appellants raised the foregoing question upon validity of the will for the first time on appeal. That is immaterial for the invalidity of the will as reflected "on the face of the record" would constitute fundamental error which should be noticed by the appellate court. Furthermore the appeal was taken without motion for new trial and the complaint was made a point of error on the appeal; and even had there been a motion for new trial in which the complaint was not raised, yet would the appellants have been free to raise it by point of error for below the trial was before the court. T.R. C.P. 324, "Prerequisites of Appeal", and cases thereunder.

Mrs. Douthit further cites cases by which she contends that there was compliance with the law relative to attestation by the signatures upon the self-proving affidavit, coupled with antecedent signature of the deceased upon the face of the will. Those cases we deem necessarily distinguishable and to have no operative effect to lend stature to the will that it might be deemed valid and not void.

The reason is that in the cases upon which Mrs. Douthit relies all the signatures were upon the face of the will so that the court found itself at liberty to construe a proper attestation. In the instant case the will and the affidavit were upon separate pages and in any event were separate instruments, whether stapled together or not. The affidavit spoke of the will as "the annexed instrument", which language would affirmatively display the want in entitlement of the court to contrarily consider it and to deem the signatures thereon as a part of the will itself. It is true that the affidavit says that the witnesses had subscribed the will annexed, but the will presented for probate, and by which Mrs. Douthit is necessarily to be deemed bound, bears no signature of any witness. This fact would compel disregard of the statement to that effect even had there been different means by which there was attempt to prove the will; and certainly compels disregard of the statement in the state of the instant record. It is to the will presented that we are confined, as was the court below.

Because of the foregoing the reversal of the decree admitting the will to probate is compelled.

In substance appellants' additional points relate to the admission of the will to probate when application therefor was made beyond that four year period following the death of the testator within which there is authorization therefor by law, plus contention that no good cause for delay in presentation had been shown by evidence that Mrs. Douthit was not in default by the delay. Additional contention is that the trial court's finding of good cause or that there had not been default was in any event so contrary to the greater weight and preponderance of the evidence as to be clearly erroneous. We have examined the record, and have concluded that the trial court did not err and that there was nothing wanting in the evidence to support the finding and conclusion that Mrs. Douthit was not in default by the late application for probate.

The judgment is reversed and judgment here rendered denying the application of Mrs. Douthit to have admitted to probate the purported November 18, 1955 will of Taylor Denney Barnett, deceased.