Nola Mae DOUTHIT, Petitioner,

v.

Marjorie L. McLEROY and Bonnie F. Cooper, Respondents.

No. B–6043.

Supreme Court of Texas.

July 21, 1976.

---

Mehl, Williams, Cummings & Truman, B. Michael Cummings, Fort Worth, for petitioner.

Farrar & Claunch, James R. Claunch, Fort Worth, for respondents.

PER CURIAM.

Nola Mae Douthit made application to have the will of her deceased husband, Taylor Denney Barnett, admitted to probate. Marjorie L. McLeroy and Bonnie F. Cooper, the daughters of Nola Mae Douthit and Taylor Denney Barnett, contested the will on the grounds that Mrs. Douthit had failed to offer the will for probate within four years of the testator's death as required by Section 73 of the Texas Probate Code. The Probate Court filed findings of fact and conclusions of law that the will had been properly executed and that Mrs. Douthit was not in default in failing to present the will within the statutory period.

The will did not contain the signatures of two witnesses as required by Section 59 of the Texas Probate Code.[1] The witnesses signed a "self proving" affidavit, but not the will itself.

The contestants raised the issue of a lack of proper execution for the first time on appeal. The Court of Civil Appeals reversed, and rendered judgment that the will was void because it was not properly witnessed. It held that the trial court committed fundamental error in admitting the will to probate. 535 S.W.2d 771 (1976).

It was error to admit the will to probate, *Boren v. Boren,* 402 S.W.2d 728 (Tex.1966); *McGrew v. Bartlett,* 387 S.W.2d 702 (Tex.Civ.App.1965, writ refused); *In re Estate of Pettengill,* 508 S.W.2d 463 (Tex. Civ.App.1974, writ ref'd n. r. e.). It was therefore unnecessary for the Court of Civil Appeals to reach the question of fundamental error.[2] The issue of improper attestation was properly before the Court of Civil Appeals. The burden of proving the will valid was on the proponent, Mrs. Douthit. The contestants were not under the burden to prove it invalid. *Cullinan v. Cullinan,* 154 Tex. 247, 275 S.W.2d 472 (1955). The trial was to the court rather than to a jury, and the contestants needed no motion for new trial to preserve their error for appeal. Texas Rules of Civil Procedure 324, *Boswell v. Handley,* 397 S.W.2d 213 (Tex.1966). The point was properly preserved by point of error in the Court of Civil Appeals. The contestants' failure to plead that the will was not properly executed or file a motion for new trial does not oust the court of jurisdiction to consider points which attack the findings and judgment of the trial court. *Swanson v. Swanson,* 148 Tex. 600, 228 S.W.2d 156 (1950).

We therefore agree with the judgment of the Court of Civil Appeals that the will was improperly admitted to probate. It is unnecessary to reach the question that the

---

1. The will was executed before the new section 59 was effective and while Art. 8283 was in effect. References are to Vernon's Texas Civil Statutes Annotated.

2. Ordinarily fundamental errors are those errors which directly and adversely affect the public interest or errors in assuming jurisdiction when there is none. *Newman v. King,* 433 S.W.2d 420 (Tex.1968); *Ramsey v. Dunlop,* 146 Tex. 196, 205 S.W.2d 979 (1947).

will is "void," or whether there would have been fundamental error if the burden had been upon the contestant to raise the point in the trial court. See *Crane v. Pierce*, 257 S.W.2d 510 (Tex.Civ.App.1953, writ refused).

The Application for Writ of Error is refused, no reversible error.