**In the Matter of the ESTATE of Evelyn D. McDOUGAL, Deceased.**

No. 1020.

Court of Civil Appeals of Texas, Tyler.

May 26, 1977.

Rehearing Denied June 23, 1977.

Henry W. Sebesta, Jr., San Antonio, for appellant.

McKAY, Justice.

This is an appeal from a judgment denying probate of a codicil to the will of Evelyn D. McDougal, deceased. In an uncontested action brought by appellants seeking the probate of decedent's will and of a codicil dated December 17, 1975, the probate court admitted the will to probate but refused to probate the codicil, holding that the codicil had not been attested by two witnesses in that such witnesses had signed only the self-proving affidavit but not the codicil itself. It is from that order this appeal arose.

Appellant brings one point of error which states: "The probate court erred in refusing to admit the codicil of December 17, 1975, to probate because the dispositive provisions and the self-proving affidavit were intended to be and constituted an integrated document which complied with all the requirements of a valid codicil."

On December 17, 1975, Evelyn McDougal, deceased, executed a codicil to her will, substituting a new beneficiary. The document consisted of three attached pages. The first page and the page numbered "-2-" contained the dispositive provisions and a paragraph acknowledging that the testatrix signed in the presence of the witnesses, Evelyn H. Johnson and Iva Gray Driggers. Below these provisions, near the bottom of the second page, is Evelyn McDougal's signature. No witness signatures appear on

this page. On the third attached page is typed a self-proving affidavit conforming with the provisions of Section 59, Tex. Prob. Code Ann. (1956). This paragraph is followed by the signatures of the testatrix and the two witnesses, Evelyn H. Johnson and Iva Gray Driggers. Below the signatures is the attestation statement of the notary and the notarial seal.

In the uncontested action seeking to probate the codicil the witness Iva Driggers testified in open court and the witness Evelyn Johnson submitted an affidavit. Both swore that the testatrix signed the dispositive provisions and the affidavit in the witnesses' presence; that they each signed below the affidavit in the presence of the testatrix and each other; that the testatrix had asked them to witness her codicil; that they considered the three fastened, consecutively numbered pages to be one document; that in affixing their signatures on the third page they intended to—and believed they did—witness and attest to the testatrix's signing of her codicil. Both witnesses swore that they recognized the three-page instrument as the one they and the testatrix had signed on December 17, 1975. They said that they recognized the signatures and the dispositive provisions as the same and that nothing was altered. They testified that they observed no undue influence upon the testatrix when she signed the codicil.

■ Appellant contends that even though the will portion of the three-page instrument containing dispositive provisions and a self-proving affidavit did not contain the signatures of two witnesses as required by Section 59 of the Probate Code, it constituted a single integrated document. Therefore, appellant argues that the witnesses' signatures following the affidavit were also sufficient attestation of the will. We disagree. The well-settled law in regard to Section 59 is that the self-proving affidavit is neither merged in the will nor does it amount to a republication of the executed will and has only the effect of authorizing the substitution of affidavits in lieu of testimony offered before the court. *In Re Price's Estate,* 375 S.W.2d 900, 903 (Tex. 1964); *McGrew v. Bartlett,* 387 S.W.2d 702, 704–705 (Tex.Civ.App.-Houston [1st Dist.] 1965, writ ref'd). The execution of the will is a condition precedent to the execution of the self-proving affidavit. *Boren v. Boren,* 402 S.W.2d 728, 729 (Tex. 1966); *McGrew v. Bartlett, supra.*

Without the signature of two witnesses to the signature of the testatrix to the codicil, the codicil did not conform to the requisites of a will as set out in Section 59 of the Probate Code. The *Boren* and *McGrew* cases have been consistently followed. *McLeroy v. Douthit,* 535 S.W.2d 771, 773 (Tex.Civ.App.-Fort Worth 1976), writ ref'd n.r.e. per curiam, 539 S.W.2d 351 (Tex. 1976); *Cherry v. Reed,* 512 S.W.2d 705, 707 (Tex.Civ.App.-Houston [1st Dist.] 1974, writ ref'd n.r.e.); *In Re Pettengill's Estate,* 508 S.W.2d 463, 465 (Tex.Civ.App.-Amarillo 1974, writ ref'd n.r.e.); *Cooper v. Liverman,* 406 S.W.2d 927, 932–933 (Tex. Civ.App.-Texarkana 1966, no writ). We do not think the present case is distinguishable from any of the above cases. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.