Elton Earnest **RODGERS**, Jr., Appellant,

v.

**ESTATE of Charlene W. KING, Deceased, Appellee.**

No. 6302.

Court of Civil Appeals of Texas, Waco.

April 2, 1981.

Joe Michael Russell, Smith, Ralston & Russell, Corsicana, for appellant.

Wayne R. Shahan, Yarborough, Hinds, Shahan & Snyder, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from summary judgment denying probate of a writing offered by appellant as the last will and testament of Charlene W. King, deceased.

Pertinent portions of the instrument are:

LAST WILL AND TESTAMENT:

"THE STATE OF TEXAS )(

COUNTY OF NAVARRO )(

I, CHARLENE W. KING, of the County of Navarro, State of Texas, being of sound and disposing mind, memory and understanding, and above the age of nineteen years, do make and publish this my last will and testament, hereby revoking all former wills, if any, by me heretofore made.

1.

"I desire and direct that my body be buried in a decent and christianlike manner * * *.

2.

"I desire and direct that my just debts * * * be paid * * *.

3.

"I give, bequeath and devise to my beloved nephew, E. E. Rodgers, Jr., all of my estate of every description, * * *.

4.

"I hereby appoint my nephew, E. E. Rodgers, Jr., Independent Executor of this, my last will and testament, * * *.

"EXECUTED this the 27th day of May, 1963.

　　/S/Charlene W. King

　　CHARLENE W. KING, TESTA-
　　TRIX"

(End of Page 1)

"THE STATE OF TEXAS )(
COUNTY OF NAVARRO )(

BEFORE ME, the undersigned authority, on this day personally appeared CHARLENE W. KING and the attesting witnesses, known to me to be the testatrix and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and all of said persons being by me duly sworn, the said CHARLENE W. KING, testatrix, declared to me and to the said witnesses in my presence and in the presence of said witnesses that said instrument is her last will and testament, and that she had willingly made and executed it as her free act and deed for the purposes therein expressed; and the said witnesses, each on his oath stated to me, in the presence and hearing of the said testatrix that the said testatrix had declared to them that said instrument is her last will and testament, and that she executed same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the said testatrix and at her request; that she was at that time nineteen years

of age or over and was of sound mind; and that each of said witnesses was then at least fourteen years of age.

/S/Charlene W. King
CHARLENE W. KING

/S/Jean Hinkle
WITNESS

/S/Fern Woodland
WITNESS

"SUBSCRIBED AND ACKNOWL-EDGED before me by the said testatrix, CHARLENE W. KING, and subscribed and acknowledged to before me by the said witnesses, this the 27th day of May, 1963.

B. L. Ralston
Notary Public
Navarro County, Texas

/S/B. L. Ralston
Notary Public in
and for Navarro
County, Texas."

(End of Page 2)

Appellee moved for summary judgment that probate of the instrument be denied because "said instrument consists of one page only and was signed only by Charlene W. King, Testator, but the names of the purported witnesses were not subscribed thereto; but instead, said purported witnesses signed only the self-proving affidavit attached to the one page Will but did not subscribe to the Will itself. Therefore, said instrument fails under Section 59 of the Texas Probate Code to be a valid Will."

The trial court granted such motion and rendered summary judgment denying probate of the "purported will dated May 27, 1963".

Appellant appeals on one point: "The trial court erred in granting summary judgment denying the Last Will and Testament of Charlene W. King the right to be probated".

The document was signed by Charlene W. King; there was no attestation clause and no witnesses to the will; there was the self-proving affidavit attached to the docu-ment signed by the testatrix and two witnesses.

The question presented is whether the self-proving provisions attached to the document may be treated as a part of the document for the purpose of supplying the necessary witnesses.

*Boren v. Boren*, S.Ct., 402 S.W.2d 728, a case directly in point, holds that the self-proving provisions attached to a will are not a part of the will but serves only to admit the will to probate without the testimony of subscribing witnesses; that the execution of a valid will is a condition precedent to the use of the self-proving affidavit to admit a will to probate without the testimony of a subscribing witness; and that a will bearing no attesting witnesses' signatures is not rendered admissible to probate by attachment to it of a self-proving affidavit, executed by the testator and two witnesses in which each witness stated that he had signed the will as a witness in the presence of and at the request of the testator.

To the same effect are: *McLeroy v. Douthit*, CCA (Fort Worth) NRE, Tex.Civ. App., 535 S.W.2d 771; *Douthit v. McLeroy*, S.Ct., Tex., 539 S.W.2d 351; *In Re Estate of Pettengill*, CCA (Amarillo) NRE, Tex.Civ. App., 508 S.W.2d 463; *McGrew v. Bartlett*, CCA (Houston 1) Er.Ref'd, Tex.Civ.App., 387 S.W.2d 702; *Cherry v. Reed*, CCA (Houston 1) NRE, Tex.Civ.App., 512 S.W.2d 705.

We follow our Supreme Court and the foregoing authorities, overrule appellant's point, and affirm the judgment of the trial court.

AFFIRMED.