**Earnest S. BOREN, Appellant,**

**v.**

*George S. BOREN et al., Appellees.*

**No. 5731.**

Court of Civil Appeals of Texas.

El Paso.

Sept. 15, 1965.

Rehearing Denied Oct. 13, 1965.

A. R. Archer, Jr., Monahans, for appellant.

Howze & Howze and T. H. Neel Monahans, for appellees.

CLAYTON, Justice.

This is a will contest. The purported will of O. K. Boren was offered for probate by appellee G. S. Boren, a surviving brother of the deceased, who was named therein as a devisee and Independent Executor. In the contest, this will was introduced by both parties and was copied in the record, but was not sent up to us in original form as an exhibit. As it appears in the record, the will occupied one sheet of paper to which was subscribed the signature of the testator under the date line, which appears as "this the ——— day of June, A. D. 1959". No attesting witnesses' signatures appear on this sheet, nor are there any lines for such signatures. On a separate and accompanying sheet of paper appears the affidavit required to make such will self-proved, and while the names of the witnesses are not filled in in the body of the affidavit, their signatures are subscribed below that of the testator at the end of the affidavit, and the same is properly acknowledged and sworn to before one T. H. Neel, an attorney who drew the will and affidavit, acting as notary public, dated the 10th day of June, A. D., 1959. The body of the affidavit recites that there appeared before the notary "the testator and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities * * *" and upon request of the testator, each witness "upon their oaths * * * stated further that they did sign the same as witnesses in the presence of said testator and at his request * * *"

The will was admitted to probate and G. S. Boren was appointed Independent Executor by order of the County Court of Ward County, Texas. Thereafter, another surviving brother, Earnest S. Boren, appellant, filed in the County Court his petition to set aside the order admitting the will to probate and praying that such instrument be declared null and void and of no force and effect as a will, alleging that the purported will was not executed in the manner provided by law in that there were no witnesses to said will. Named as defendants in said petition were G. S. Boren and another surviving brother and sister of the deceased, also beneficiaries under the will. An answer in the form of a general denial was filed by the proponent, G. S. Boren, and Earnest S. Boren filed his motion for summary judgment. Defendants, appellees here, filed an amended answer alleging that the proffered will was executed in substantial compliance with the law and properly admitted to probate. They also answered appellant's motion for summary judgment alleging there were substantial, genuine issues as to material facts existent in the case. Attached to the answer to the motion for summary judgment were identically worded affidavits of the purported witnesses to the will stating that on or about June 10, 1959, at the request of the testator, each had gone to the office of the attorney, Mr. Neel, and signed as witnesses the will of testator, and each swore that the instrument admitted to probate was the will that each had witnessed. Also attached was the affidavit of attorney Neel, who swore that he had prepared for the testator the will which was admitted to probate, and that at the time it was executed all requirements of law were complied with and the witnesses were present at the execution of the will and properly witnessed it at the request of the testator and in his presence and in the presence of each other. He further swore that the witnesses had signed a separate sheet witnessing the will and also appeared before him as notary public, along with the testator, and executed the affidavit which was attached to the will offered for probate, but that the separate "witnessing sheet" was somehow misplaced or lost.

Judgment was entered by the County Court which recites that "all matters of fact as well as of law were submitted to the Court," and that "plaintiff introduced evidence on each and every ground of his contest of the order probating said will"; and, finding such order regular and that it should not be disturbed the court denied the relief prayed for by plaintiff, from which judgment plaintiff-appellant appealed to the District Court of Ward County.

In the district court appellant again moved for summary judgment, to which appellees again replied as before. The motion was denied and the cause was heard by the court without a jury. The court entered judgment for appellees and found that the instrument offered for probate was in substantial compliance with law and was properly admitted to probate, affirming the judgment of the County Court. The appeal before us was then perfected.

Appellant's two points of error charge that the district court erred in refusing to set aside the proffered will because the same was not subscribed by two or more disinterested witnesses as required by section 59 of the Probate Code, V.A.T.S. and in holding that said will substantially complied with the law.

■ Section 59 of the Probate Code reads as follows:

"§ 59. Requisites of a will

"Every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator in person or by another person for him by his direction and in his presence, and shall, if not wholly in the handwriting of the testator, be attested by two (2) or more credible witnesses above the age of fourteen (14) years who shall subscribe their names thereto in their own handwriting in the presence of the testator * * *"

Appellant correctly states that the purpose of this requirement is to guard against undue imposition on the testator and to prevent the fraudulent substitution of instruments. 61 Tex.Jur.2d 160, § 58. Appellant also cites Fowler v. Stagner, 55 Tex. 393 (Com. App., 1881). That case holds: "It was not material, we think, in what part of the instrument they signed their names as witnesses, if that were done after the subscription and acknowledgment of it by the testator, and with the purpose of attesting it as subscribing witnesses." See also 61 Tex.Jur.2d 161, § 60: "The validity of an attestation is not deemed to be affected by the location on the instrument of a witness's signature, regardless of the reference in the applicable provision to witnesses who shall subscribe their names to the instrument." Sec. 59, Probate Code.

■ In the case before us, both witnesses to the will appeared in court and testified, as well as having signed and sworn to the properly worded affidavit to make the will self-proving. They could not positively identify the testamentary page of the instrument, and were not aware of its contents. But the lawyer, Neel, who prepared the will, also testified to the facts stated in the affidavit, as outlined above, which satisfactorily tied in the witnesses to the will he had prepared and which was admitted to probate. The trial court, as trier of the facts, had the right to believe his testimony or to reject it. The court apparently gave due credence to the above part of the lawyer's testimony, although he rejected that part relative to a lost "witnessing sheet" of the instrument (not the self-proving affidavit), and made a finding to that effect. The burden of establishing the invalidity of the will or its probate was upon appellant and every presumption will be indulged in favor of the court's judgment. Fowler v. Stagner, supra; Ludwick v. Fowler, 193 S.W.2d 692 (Tex.Civ.App., 1946; ref. n. r. e.). We are of the opinion and hold that the burden upon appellant has not been met, and appellant's points of error are overruled.

Finding no error, the judgment of the trial court is in all things affirmed.