Earnest S. BOREN, Petitioner,

v.

George S. BOREN et al., Respondent.

No. A–11106.

Supreme Court of Texas.

April 13, 1966.

Rehearing Denied June 8, 1966.

A. R. Archer, Jr., Monahans, for petitioner.

Murray J. Howze, Monahans, for respondent.

POPE, Justice.

O. K. Boren, deceased, executed a typewritten document in June, 1959, which was admitted to probate as his last will. Deceased's brother, Earnest S. Boren, filed this action to set aside the order of probate, because the document was not attested by two witnesses as required by Section 59, Probate Code, V.T.C.S. The courts below have upheld the validity of the document as a will. Tex.Civ.App., 394 S.W.2d 704. The question presented is whether the self-proving provisions attached to the document may be treated as a part of the document for the purpose of supplying the necessary witnesses. We reverse the judgments of the courts below and render judgment that the probate of the document as a will be set aside.

O. K. Boren executed the document, which appears on its face to be testamentary in nature, and by it undertook to devise all of his property, share and share alike, to his sister and two of his brothers. Petitioner would receive nothing. The district court, on appeal, upheld the validity of the document as a will. The trial judge made these findings of fact: "The instrument purporting to be his last will and testament consisted of only one page and was signed only by O. K. Boren, deceased. The names of the purported witnesses were not subscribed thereto. Attached to the purported will was an affidavit with the names of the deceased and two witnesses

subscribed thereto which stated, among other things, that the deceased and the witnesses had subscribed their names to the foregoing instrument which was purportedly the last will and testament of O. K. Boren, deceased." It is undisputed that the self-proving provisions were as follows:

"Before me, the undersigned authority, on this day personally appeared O. K. Boren and ———————— and ——— witnesses who are known to me to be the testator and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and, all of said persons being by me duly sworn, the said O. K. Boren, testator, declared to me and to the said witnesses in my presence that said instrument is his last will and testament, and that he had willingly made and executed it as his free act and deed for the purposes therein expressed; and the said witnesses, each on his oath stated to me, in the presence and hearing of said testator, that the said testator had declared to them that said instrument is his last will and testament, and that he expressed same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of said testator and at his request; that he was at that time nineteen years of age or over and was of sound mind; and that each of said witnesses was then at least fourteen years of age.

S/ O. K. Boren
TESTATOR
and
S/ J. L. Pinkerton
S/ Flossie Bingham
WITNESSES

"Subscribed and acknowledged before me by the said O. K. Boren, Testator, and subscribed and sworn to before me by the said J. L. Pinkerton and Flossie Bing-

ham witnesses, this the 10th day of June A.D. 1959.

S/ T. H. Neel
NOTARY PUBLIC, WARD COUNTY, TEXAS

"My commission expires:
"6–1–61"

The self-proving provisions attached to the will are not a part of the will but concern the matter of its proof only. The only purpose served by such self-proving provisions is to admit a will to probate without the testimony of a subscribing witness. In re Price's Estate, 375 S.W.2d 900, 903 (Tex.Sup.1964). The provision was introduced into the Texas Probate Code in 1955 as an alternative mode of proving a will. Acts 1955, 54th Leg., p. 88, ch. 55. It was not the purpose of the Legislature to amend or repeal the requirement that the will itself must meet the requirements of the law. Section 59 expressly states that a self-proved will, except for the manner of proof, shall be treated no differently than a will which is not self-proved. The execution of a valid will is a condition precedent to the usefulness of the self-proving provisions of Section 59. This Court approved the judgment and opinion in McGrew v. Bartlett, 387 S.W.2d 702 (Tex.Civ.App.1965, writ ref.), that a will was a nullity because the signatures of the testator and the witnesses appeared on the self-proving provisions, but not on the will itself.

A testamentary document to be self-proved, must first be a will. Many reasons support that rule as the true legislative purpose. In this case, the self-proving affidavit states that the witnesses' "names are subscribed to the annexed or foregoing instrument * * *" and that "each witness stated further that they did sign the same as witnesses. * * *" In fact, the names of the witnesses are not so subscribed to the will. The affidavits

identify as the will a document which is inconsistent with the one offered.

The judgments of the courts below are reversed and judgment is here rendered that the order admitting the document to probate be and the same is set aside and the probate of said document is vacated. It is further ordered that the judgment of this Court be certified to the County Court of Ward County for observance. Rule 311, Texas Rules of Civil Procedure.