**Helen Levell ORRELL, Appellant,**

v.

**Iva Dell COCHRAN, Independent Executrix, Appellee.**

No. 2–84–114–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 13, 1985.

Don Gladden, Fort Worth, for appellant.

Morris & Schieffer, and Garrett Morris, Fort Worth, for appellee.

Before FENDER, C.J., and ASHWORTH and JOE SPURLOCK, II, JJ.

## OPINION

FENDER, Chief Justice.

This case raises the issue of when a will has been properly executed. The trial court admitted into probate the instrument in question in spite of the fact that there was some irregularity regarding the placement of the decedent's and notary public's signatures. Appellant argues that it was error to admit the will into probate because she contends the instrument had not been executed in accordance with TEX.PROB. CODE ANN. sec. 59 (Vernon 1980).

We affirm.

On September 28, 1979, George Jefferson Cochran [hereinafter decedent] accompanied by his wife, Iva Dell Cochran [appellee], took a form document entitled "Last Will and Testament" to the Seminary State

Bank, where decedent was a customer. The instrument had been filled out on a typewriter, and it contained a front and back side, which we set out in appendix.

An examination of this instrument reveals that A. Ruth Balega, a notary public at the bank, signed the instrument on the bottom line of the front side before the letters "L. S." which is a Latin abbreviation meaning place of the seal. Decedent and his wife signed the instrument on the back side of the instrument in the affidavit part, after the words "personally appeared." A. Ruth Balega also signed the back side on the bottom line above the words "Notary Public." The three witnesses placed their signatures in the proper place at the top of the back side.

The decedent died on July 13, 1982. On July 21, 1982, decedent's daughter, Helen Levell Orrell, filed an application in the probate court to probate a will which decedent had written in 1971. According to the terms of that instrument, decedent devised the sum of $5,000 to a son and the rest and residue of his estate to Helen Levell Orrell. On August 9, 1982, decedent's widow, Iva Dell Cochran presented the instrument dated September 28, 1979, to the probate court. She asserted that this instrument was a will and that it revoked the will dated 1971 because it was later in time.

At a hearing to determine the validity of this instrument as a will, several witnesses testified as to the circumstances surrounding the signing of the 1979 instrument at the Seminary State Bank. The notary public, A. Ruth Balega, testified that the decedent and his wife (Iva Dell Cochran, the appellee) entered the bank and asked her to notarize his will. She stated that she got three bank employees to act as witnesses and that they all worked together to execute the document. When asked why she signed the instrument at the bottom of the front side, Balega replied, "I probably goofed." Balega further stated that all three witnesses, as well as herself, affixed their signatures in the presence of each other and the testator. She described the order of the signings as follows: (1) she signed on the front side and placed her seal; (2) decedent and Iva Dell Cochran signed on the back side; (3) the three witnesses signed on the back side; and finally (4) she signed again at the bottom of the back side and placed another seal.

On March 27, 1984, about a year and a half after the hearing, the trial court ordered the 1979 instrument to be probated. Appellant claims that the trial court erred in admitting this instrument to probate because it was not executed in accordance with TEX.PROB.CODE ANN. sec. 59 (Vernon 1980).

Appellant argues that the irregularity in the placement of the signatures of the notary public and decedent renders the instrument invalid for testamentary purposes. Appellant relies on the doctrine that a self-proving affidavit of a will may not be used to validate a will which, standing alone, was not executed in accordance with the formalities required by sec. 59. Appellant relies on *Boren v. Boren*, 402 S.W.2d 728 (Tex.1966) and *McGrew v. Bartlett*, 387 S.W.2d 702 (Tex.Civ.App.—Houston 1965, writ ref'd), and *Wich v. Fleming*, 652 S.W.2d 353 (Tex.1983).

We disagree with appellant's position that *McGrew, Boren* and *Wich* control the fact situation at bar. *McGrew* involved a situation in which there was a five-page document. The testimonial clause and the attestation clause appeared on the fourth page and they were left blank. On the fifth page there was a self-proving affidavit which was properly filled out by the testator, two witnesses, and the notary public. The court held that the self-proving affidavit is not merged in the will and that, therefore, the purported will was invalid because it had not been signed by the witnesses or testator. *Boren* also involved a self-proving affidavit which had been properly filled out. There the self-proving affidavit was attached to a purported will which did not have the names of the witnesses subscribed thereto. The Supreme Court held that the self-proving provisions attached to the will are not a part of the will but concern the matter of its proof

only. In *Wich,* the signatures in question concerned those of witnesses, not of a testator. In addition, in *Wich* the witnesses signed at the conclusion of the affidavit, not in the body.

In the case at bar there is no completed affidavit. Rather, decedent simply placed his signature, because of the notary public's mistake, in that part of the form which could be used as an affidavit, but which was not. Thus, appellant's argument, drawn from *McGrew, Boren,* and *Wich,* that decedent's signature cannot be valid for purposes of both the will and the affidavit is not controlling here.

We hold that the placement of testator's signature on the backside of the instrument in the body of a part denominated as an affidavit does not, in and of itself, invalidate the signature for testamentary purposes. As no evidence was elicited at the hearing that decedent affixed his signature to the instrument for a non-testamentary purpose such as for a self-proving affidavit, and as a visual examination of the instrument also fails to reveal that the signature was affixed for a non-testamentary purpose, we hold that the signature was therefore placed on the instrument by decedent with testamentary intent.

Accordingly, the instrument was properly admitted to probate, and we overrule appellant's only point of error.

The judgment is affirmed.

## APPENDIX

### Last Will and Testament

KNOW ALL MEN BY THESE PRESENTS: That I GEORGE JEFFERSON COCHRAN of the City/Town of FORT WORTH, County of TARRANT and State of TEXAS, being of sound and disposing mind and memory, do make, publish and declare the following to be my LAST WILL AND TESTAMENT, hereby revoking all Wills by me at any time heretofore made.

FIRST: I direct my Executrix, hereinafter named, to pay all of my funeral expenses, administration expenses of my estate, including inheritance and succession taxes, state or federal, which may be occasioned by the passage of or succession to any interest in my estate under the terms of this instrument, and all my just debts, excepting mortgage notes secured by mortgages upon real estate.

SECOND: All the rest, residue and remainder of my estate, both real and personal, of whatsoever kind or character, and wheresoever situated, I give, devise and bequeath to my beloved wife: IVA DELL COCHRAN, to be hers absolutely and forever.

THIRD: If my beloved wife does not survive me, I direct that the rest, residue and remainder of my estate shall be divided into "2 equal parts, and I give, devise and bequeath one of such parts to each of the following 2 persons, to be his/hers absolutely and forever:

I-My son;CHARLES ROBERT COCHRAN of 3919 Montana St.El Paso,Texas.

2-My daughter ;Hellen Lovelle COCHRAN ORELL of; Rt.I. Box 264,ROYAL,ARK.

The share of any person above named who shall not survive me shall be divided among the other beneficiaries named above, in equal shares.

FOURTH: I hereby appoint my wife_____IVA.DELL COCHRAN_____, as Executrix of this. my LAST WILL AND TESTAMENT, if she be living. If she be not living, I appoint__BILLIE LOUISE JANECKI .as Executor/Executrix. I direct that no Executor or Executrix serving hereunder shall be required to post bond.

IN WITNESS WHEREOF, I have hereunto set my hand and seal at _Ft.Worth_____, _TX_ this_____28th_____ day of __September_____ 19_79_

[sign here]_A.Ruth Balege_____ L.S.

## [Back Side]

Signed, sealed, published and declared to be his LAST WILL AND TESTAMENT by the within named Testator in the presence of us, who in his presence and at his request, and in the presence of each other, have hereunto subscribed our names as witnesses:

(1) _____ of _____ Ft Worth TX
       City        State

(2) Betty J Orr of Ft. Worth Tx
       City        State

(3) Oscar A. Young of Ft. Worth Tx
       City        State

AFFIDAVIT

STATE OF_____TEXAS_____

COUNTY OF_____TARRANT_____     ss: _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-A_

Personally appeared (1)_____Geo. L Cochran_____,

(2)_____Iva Dell Cochran_____ and (3)_____,

who being duly sworn, depose and say that they attested the said Will and they subscribed the same at the request and in the presence of the said Testator and in the presence of each other, and the said Testator signed said Will in their presence and acknowledged that he had signed said Will and declared the same to be his LAST WILL AND TESTAMENT, and deponents further state that at the time of the execution of said Will the said Testator appeared to be of lawful age and sound mind and memory and there was no evidence of undue influence. The deponents make this affidavit at the request of the Testator.

(1)_____

(2)_____

(3)_____

Subscribed and sworn to before me this_____28th_____ day of _September_ 19_79_

_A.Ruth Balege_____
Notary Public

(Notary Seal)