Helen Levell ORRELL, Petitioner,

v.

Iva Dell COCHRAN, Independent
Executrix, Respondent.

No. C–4066.

Supreme Court of Texas.

June 19, 1985.

Rehearing Denied Sept. 16, 1985.

Law Offices of Don Gladden, Don Gladden, Fort Worth, for petitioner.

Morris and Schieffer, Garrett Morris, Fort Worth, for respondent.

PER CURIAM.

Helen Levell Orrell appeals from the admission of an instrument dated 1979 into probate as the will of her father, George Jefferson Cochran. The court of appeals affirmed. 685 S.W.2d 461. Because we hold that the court of appeals opinion is in conflict with *Boren v. Boren*, 402 S.W.2d 728 (Tex.1966), the court, with three justices dissenting, reverses the judgment of the trial court and court of appeals and, without hearing oral argument, renders judgment that the 1979 instrument be denied probate as Cochran's will. Tex.R. Civ.P. 483.

The purported will is set out in the opinion of the court of appeals. The only place the testator signed the instrument is in the blanks for the names of the witnesses in the self-proving affidavit. This affidavit is located below the signatures of the witnesses to the purported will, and the affidavit itself is not signed by any witnesses.

In *Boren v. Boren*, this court held that a will which was not witnessed could not be validated by the fact that the witnesses had signed the self-proving affidavit. The self-proving provisions of a will are not part of the will, but concern the matter of proof only. The will and the self-proving affidavit are two separate instruments. The execution of a valid will is a condition precedent to the usefulness of the self-proving affidavit.

We therefore hold that Cochran did not sign his will and his signature in the self-proving affidavit cannot validate the will. Our opinion is not changed by the fact that the self-proving affidavit was not properly executed in this case. When Cochran signed the self-proving affidavit, he was not signing his will. Accordingly, the court reverses the judgment of the trial court and court of appeals and renders judgment that the 1979 instrument be denied probate as George Cochran's last will and testament.

We remand to the trial court for further proceedings on the 1971 instrument filed for probate by Orrell.