**Joy Anderson HOPKINS, Appellant,**

v.

**Michael Jay HOPKINS, et al.,
Appellees.**

No. 05–85–00515–CV.

Court of Appeals of Texas,
Dallas.

March 19, 1986.

Rehearing Denied April 23, 1986.

Floyd A. Shumpert, Shumpert and Huff, Terrell, J. Thomas Sullivan, SMU School of Law, Dallas, for appellant.

Douglas A. Harrison, Gardere & Wynne, Dallas, for appellees.

Before GUITTARD, C.J., and DEVANY and McCLUNG, JJ.

GUITTARD, Chief Justice.

In this proceeding to probate a will, the contestants moved for summary judgment on the ground that the signatures of the attesting witnesses do not appear on the will, but only on a self-proving affidavit attached to the will. Applying the rule announced in *Boren v. Boren*, 402 S.W.2d 728 (Tex.1966), that such a will is invalid, the probate court granted the motion and denied probate. The proponent has appealed, and now the contestants as well as the proponent urge us to reverse and render judgment in accordance with an agreement of the parties that the will should be admitted to probate. The proponent also contends that the *Boren* rule should not be applied in the circumstances of this case. We hold that an invalid will cannot properly be probated by agreement and that this will is invalid under *Boren*. Accordingly, we affirm.

*Agreement to Probate Will*

Although we are authorized under rule 387a(a)(1) of the Texas Rules of Civil Procedure to render judgment pursuant to an agreement of the parties, and we usually accept such agreements, we cannot do so in this case without first determining whether a court can properly admit a will to probate by agreement of the parties when it has not been proved to be a valid will. We recognize that a family settlement by which all heirs and beneficiaries agree not to probate a will and let the property pass by descent is valid and enforceable. *Salmon v. Salmon*, 395 S.W.2d 29, 32 (Tex.1965); *Cook v. Hamer*, 158 Tex. 164, 309 S.W.2d 54, 56 (1958). Such an agreement not to probate a will, however, is invalid unless accompanied by an agreement for distribution of the property. *Estate of Morris*, 577 S.W.2d 748, 756 (Tex. Civ.App.—Amarillo 1979, writ ref'd n.r.e.). No authority has been cited, and we have found none, upholding an agreement to probate a will without proof of execution as required by the Probate Code.

Probate is a proceeding in rem and may affect interests other than those of the contending parties. *Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex.1981); *Ladehoff v. Ladehoff*, 436 S.W.2d 334, 336 (Tex. 1968); TEX.PROB.CODE ANN. § 2(e) (Vernon 1980). Although all the parties interested in an estate may agree to dispose of the property in accordance with an invalid will, if they do so, the property passes by the agreement rather than by the will. Consequently, we hold that a court cannot properly admit a will to probate without proof of its execution.

The proponent suggests that substantial compliance with the Probate Code is sufficient when the testator's intent is clear and the interested parties are in agreement. We conclude that we cannot properly apply a different standard in such cases. Such a departure from Code requirements would lead to confusion and uncertainty, which the Code seeks to avoid.

*Signatures of Witnesses*

On the merits, the proponent argues that the probate court erred in applying the rule announced in *Boren* and followed in *Wich v. Fleming*, 652 S.W.2d 353 (Tex. 1983), because the summary-judgment evidence in this case raises an issue as to whether the witnesses to the self-proving affidavit in fact executed that affidavit or instead affixed their signatures as witnesses to the will. In *Boren* and *Wich* the supreme court expressly held that a will cannot be admitted to probate if the witnesses have only signed a self-proving affidavit attached to the will. *Wich*, 652 S.W.2d at 354; *Boren*, 402 S.W.2d at 729–730. The rationale in *Boren* and the cases following it is that the will and self-proving affidavit serve different purposes and require different types of intent on the part of the witnesses. The purpose of the attestation to a will is to validate an otherwise properly executed will. The purpose of the self-proving affidavit is to eliminate the need for testimony of the subscribing witnesses when the will is offered for probate. *Wich*, 652 S.W.2d at 354.

The proponent contends that both *Boren* and *Wich* are distinguishable. In *Wich* the proponent argued that the court should ignore the language of the affidavit and consider the signatures of the witnesses as if they appeared directly below the signature of the testatrix. The supreme court, however, declined to "assume" that the parties signing the self-proving affidavit did not read it and were unaware of its language and its import. *Id.* at 355. Here, the proponent presented affidavits of the two witnesses stating that they did not read the instrument at the time they signed it, that it was not read to them, that they were not sworn upon their oaths when they signed it, and that they intended to attest the will rather than to make affidavits. Therefore, the proponent argues, this evidence establishes the very situation that the *Wich* court declined to "assume." The proponent further argues that, because the oaths were not properly given, the final page of the document cannot be construed as an affidavit. Thus, the proponent insists that the language of the affidavit is nothing more than surplusage, which may be disregarded in construing the intent of the testator and the witnesses.

We cannot agree. We do not interpret *Wich* as changing or qualifying the rule established in *Boren*. Extrinsic evidence that the witnesses did not read what they signed cannot abrogate the requirements of the Code. *Cf. Morris v. Morris*, 642 S.W.2d 448, 450 (Tex.1982) (proof of testator's intent insufficient to establish revocation when statutory method not followed). Neither does proof that the affidavit was not properly executed convert the misplaced signatures into proper attestation. *Orrell v. Cochran*, 695 S.W.2d 552 (Tex.1985). The will is a separate instrument. *Id.* The attached self-proving provisions are not a part of the will, but concern only the manner of its proof. *Boren*, 402 S.W.2d at 729. Thus, even if we should accept the argument that the language in the self-proving affidavit is surplusage, the signatures at the end of that affidavit still would not be on the will itself and, therefore, could not be considered as attesting its proper execution. Consequently, we hold that the *Boren* rule applies.

The proponent also attacks the soundness of the *Boren* rule on the ground that it unfairly deprives her of her right to take under the will pursuant to the clear intention of the testator. She states that she wishes to bring this issue to the Texas Supreme Court for reconsideration. This she may do, but we are bound by the law as declared by the supreme court. *Diggs v. Bales*, 667 S.W.2d 916, 918 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). Accordingly, we hold that the summary judgment denying probate is correct.

Affirmed.