In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00082-CV
______________________________


 
 
IN THE ESTATE OF BILLIE JOYCE MOORE HOGUE, DECEASED
 
 


                                              

On Appeal from the 76th Judicial District Court
Morris County, Texas
Trial Court No. 21,929


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Judi Scoggins contests the probate of the will of her mother, Billie Joyce Moore Hogue. In
her contest, she contends the will was forged. The respondent sought summary judgment, arguing
that (1) the will had been probated in 1990, and (2) Scoggins, though writing a letter to the court in
1995 alleging that Hogue's signature was forged, made no effort to pursue that allegation until 2002. 
            In her response to the motion for summary judgment, Scoggins did not address her contention
that the will was forged, but instead argued that she had evidence a witness' signature on the self-proving affidavit attached to the will was forged and that, despite her "due diligence," she had only
discovered this on March 24, 2002.


     
            The trial court granted summary judgment to Mildred Hogue based on limitations.


 The
uncontroverted summary judgment evidence shows the will had been admitted to probate as a
muniment of title July 16, 1990, and also contains a copy of a letter sent by Scoggins to the trial
court in 1995 in which she stated she thought her mother's signature on the will was forged. The
contest was filed October 28, 2002. 
            When reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor.
Limestone Prods. Distribution, Inc. v. McNamara, 71 S.W.3d 308, 311 (Tex. 2002); Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). On appeal, the movant must show that there is no
material fact issue and that the movant is entitled to judgment as a matter of law. Id.
            The statute of limitations for filing a will contest is two years to contest the validity of the
will after admission to probate or after discovery of forgery or fraud. Tex. Prob. Code Ann. § 93
(Vernon 2003). Persons interested in an estate admitted to probate are charged with notice of
contents of probate records. The probate of a will gives constructive notice of any of its contents that
could be acquired by examining public records, and thus an action based on the contents of the will
must be filed within two years after the will's probate.


 Mooney v. Harlin, 622 S.W.2d 83 (Tex.
1981); Neill v. Yett, 746 S.W.2d 32, 36 (Tex. App.—Austin 1988, writ denied). Thus, the limitations
period for such a forgery


 claim runs two years after the will was admitted to probate. See Escontrias
v. Apodaca, 629 S.W.2d 697, 698 (Tex. 1982). To prevail on a motion for summary judgment
against a will contest, the movant must establish, as a matter of law, that (1) the contestant had
discovered the will to be a forgery more than two years before bringing suit, or (2) the contestant did
not use reasonable diligence in discovering the will to be a forgery, or (3) the will was not forged. 
Aston v. Lyons, 577 S.W.2d 516, 518 (Tex. Civ. App.—Texarkana 1979, no writ). There is no
question about the dates involved, or that over two years have run since the date on which the will
was admitted to probate.
            Further, as pointed out by appellee, although the petition specifies the will was forged, 
Scoggins' response to the motion for summary judgment argues only that she recently discovered a
forgery on the self-proving affidavit. This argument neither addresses the motion for summary
judgment nor supports Scoggins' own contention in her petition. If we treat the action as limited
to Scoggins' contentions, clearly the statute of limitations has run. If we somehow engraft her
summary judgment response onto her petition and treat it as being part of her claim, then we are
confronted by the fact that her complaint does not attack the will itself, but instead the self-proving
affidavit. Even if the self-proving affidavit were found to be a forgery, that would not invalidate the
will, which would still be admissible through other evidence. See Tex. Prob. Code Ann. § 59
(Vernon 2003). The self-proving provisions of a will are not part of the will, but concern matters
of proof only. Orrell v. Cochran, 695 S.W.2d 552 (Tex. 1985). 
            Under these circumstances, and in light of the uncontested summary judgment evidence, we
conclude the trial court did not err by rendering summary judgment.
 
 
 
            We affirm the judgment. 
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 5, 2004
Date Decided:             February 11, 2004