678 N.W.2d 413 (2004)
In the Matter of the ESTATE OF Blima FORDONSKI
Beth El Jacob Synagogue and Marshall Berg, Appellees,
v.
Lubavitch of Iowa, Inc., Appellant.
No. 02-2126.
Supreme Court of Iowa.
April 7, 2004.
Michael D. Maxwell, West Des Moines, for appellant.
Mark McCormick, Roger T. Stetson, Margaret C. Callahan, and Robert D. Sharp of Belin Lamson McCormick Zumbach Flynn, P.C., for appellees.
CARTER, Justice.
Lubavitch of Iowa, Inc., the beneficiary under the latest will of Blima Fordonski, deceased, appeals from a judgment setting that will aside based on a finding of improper execution. The appellees are Beth El Jacob Synagogue and Marshall Berg, beneficiaries under a prior will of the decedent. The district court granted summary judgment sustaining the objections of appellees to the will on the ground that the witnesses' signatures only appear on a self-proving affidavit attached to the will and not on the will itself.
After reviewing the record and considering the arguments presented, we conclude that the signatures of the witnesses appearing on a self-proving affidavit attached to the will may satisfy the requirements for witness signatures contained in Iowa Code section 633.279(1) (1999) if placed on that document contemporaneously with the testator requesting those affiants to be the witnesses to the execution of her will. Consequently, we reverse the judgment of the district court and remand the case to *414 that court for further proceedings.[1]
On July 18, 1995, Blima Fordonski,[2] a widow without children, executed a will that left $10,000 to plaintiff Rabbi Marshall Berg, and the residue of her estate to plaintiff Beth El Jacob Synagogue. On May 24, 2000, she executed a later will that left her entire estate to defendant Lubavitch of Iowa, Inc. The latter will contains Blima's signature at the bottom of the first page and at the end of the remaining dispository provisions of the will contained on page two thereof. Attached to the will was a self-proving affidavit patterned after the language suggested in Iowa Code section 633.279(2). That affidavit contained the signatures of the testator and Arthur Kagin and Yossi Jacobson who are identified as witnesses to the will.[3]
Blima died on February 24, 2002. The latest will was admitted to probate based on the self-proving affidavit. Plaintiffs, who are the beneficiaries of the earlier will, filed a petition to set aside the latest will on various grounds. The only ground involved in this appeal is their claim that the latest will was not properly witnessed. Other facts and circumstances not yet mentioned will be considered in our discussion of the legal issues presented.

I. Scope of Review.

We review rulings granting motions for summary judgment to determine errors at law. Grovijohn v. Virjon, Inc., 643 N.W.2d 200, 202 (Iowa 2002); Knudson v. City of Decorah, 622 N.W.2d 42, 48 (Iowa 2000). It is legal error to grant such a motion if the facts viewed in the light most favorable to the nonmoving party support a right to relief under applicable law. Grovijohn, 643 N.W.2d at 202; Kelly v. Iowa Mut. Ins. Co., 620 N.W.2d 637, 641 (Iowa 2000).

II. Whether the Will Was Properly Witnessed.

In determining whether the will was properly witnessed, the district court viewed the self-proving affidavit as a document extraneous to the will itself. For that reason, the court concluded that the signatures of the affiants purporting to have witnessed the will were not signatures on the will. The proponents of the will urge that the signatures on the attached affidavit of those persons identified therein as witnesses to the execution of the will were sufficient to satisfy the formal requirements for execution. The statutory *415 requirements for execution of a will are as follows:
1. Formal execution. All wills and codicils, except as provided in section 633.283, to be valid, must be in writing, signed by the testator, or by some person in the testator's presence and by the testator's express direction writing the testator's name thereto, and declared by the testator to be the testator's will, and witnessed, at the testator's request, by two competent persons who signed as witnesses in the presence of the testator and in the presence of each other; provided, however, that the validity of the execution of any will or instrument which was executed prior to January 1, 1964, shall be determined by the law in effect immediately prior to said date.
Iowa Code § 633.279(1).
In seeking to uphold the district court's ruling, the contestants point out that in keeping with the form of affidavit specified in section 633.279(2), the affiants are to be the testator and witnesses "whose names are signed to the attached or foregoing instrument." They urge that this language indicates that the self-proving affidavit is intended to facilitate admission to probate of a will already properly executed and witnessed. They note that the averments of the self-proving affidavit that was utilized in the present case incorrectly assume that a properly executed and witnessed will already existed.
In further aid of their argument, the contestants urge that at the time of the enactment of section 633.279(2) the legislature chose to adopt a former version of the Uniform Probate Code rather than the version that was current at that time. The version of the Uniform Probate Code that was current when the Iowa statute was enacted provided that signing a self-proving affidavit made a part of or attached to the will by the testator and the witnesses satisfies the requirements for execution of the will. The contestants argue that the enactment of a former version of the Uniform Probate Code that contemplates that execution of the will and signing of the self-proving affidavit are to be done in sequential stages serves to support the district court's interpretation of the statute.
As case law support for their argument, the contestants rely on the decision in Boren v. Boren, 402 S.W.2d 728 (Tex.1966), which held that a self-proving affidavit is "not a part of the will but concern[ed] the matter of its proof only." Boren, 402 S.W.2d at 729. The Texas court further stated in that regard that "[a] testamentary document to be self-proved, must first be a will." Id.
We agree with the contention that the language of the affidavit as utilized in the present case and as proposed in section 633.279(2) contemplates that there will be witness signatures on the will separate from, and in addition to, the signatures of the affiants in the self-proving affidavit. However, all that can be made of that circumstance is that the affidavit attached to the will in the present case may not comport with the requirements for a self-proving affidavit.[4] That does not negate the fact that the language of the affidavit inescapably identifies two of the affiants as persons who witnessed her signing of the attached document declared by her to be her last will.[5]
It has been recognized that:

*416 Under statutes which require a will to be attested, but prescribe no place for the signatures of the attesting witnesses, such signatures may properly be at any part of the will, provided that the place is not so unusual that an intent to attest the instrument is not clearly evident from the signature.... The signatures of the witnesses may appear on a different sheet than that on which the testator's signature appears without affecting the validity of the instrument provided that the sheets are connected by some method of physical attachment at the time of attestation.
79 Am. Jur. 2d Wills § 325, at 501-02 (1975) (footnotes omitted). Because the witnesses' signatures in the present case appear on a document attached to the dispository provisions of the will, we deem that sufficient to satisfy the formalities of execution set forth in section 633.279(1).
Support for our conclusion on this point is found in our decision in In re Estate of Bybee, 179 Iowa 1089, 160 N.W. 900 (1917). In that case, a form of conveyance by warranty deed conditioned on the death of the grantor was found to be a testamentary disposition. One person signed the deed form as a witness to the grantor's signature. In addition, the deed was notarized. We held that the signature of the notary public satisfied the requirement of a second witness signature to the testamentary disposition. In so holding, we observed:
It has been seen that the form and place of signing are not of the essence, nor do we know of any statute requirement that the witness must sign as witnessthat is, put down his name and add witness, which [the notary] did not do.... [T]he essential fact [is] that [the notary] declares over his signature that he saw the paper signed; that he was present and received a statement from the testator that she was signing for the purposes expressed in what she signed.
Id. at 1094, 160 N.W. at 901-02.
Also supporting our decision are the opinions of courts from other jurisdictions that have held signatures on self-proving affidavits attached to a will may satisfy the requirement for witness signatures. See In re Estate of Charry, 359 So.2d 544, 545 (Fla.Dist.Ct.App.1978) (though self-proving statute contemplated that a will first be signed by the testator and witnesses and then admitted to probate by a self-proving affidavit, will is nevertheless valid when signed by the testator but not witnessed except by self-proving affidavit); In re Estate of Petty, 227 Kan. 697, 608 P.2d 987, 992-93 (1980) (will was valid although two witnesses only signed the self-proving affidavit). We respectfully choose to follow the teachings of these cases rather than that of the Texas court in Boren.
We have considered all issues presented and conclude that the judgment of the district court must be reversed. The case is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] We express no opinion concerning other challenges to the will left unresolved in the district court's grant of summary judgment.
[2] Blima Fordonski is also known as Bluma Fordonski or Blima Fordonska. Her social security card shows her name as Blima Fordonska.
[3] The self-proving affidavit provides:

We, the undersigned, Blima Fordonska a/k/a Bluma Fordorski, Arthur M. Kagin and Yossi Jacobson; the testator and the witnesses, respectively, whose names are signed to the attached and foregoing instrument, being first duly sworn, declare to the undersigned authority that said instrument is the testator's will and that testator willingly signed and executed such instrument, or expressly directed another to sign the name in the presence of witnesses, as a free and voluntary act for the purposes therein expressed; that said witnesses, and each of them, declare to the undersigned authority that such will was executed and acknowledged by the testator as the testator's will in their presence and that they, in the presence of each other, did subscribe their names thereto as attesting witnesses on the date of the date of such will; and that the testator, at the time of the execution of such instrument, was of full age and of sound mind and that the witnesses were sixteen years or older and otherwise competent to be witnesses.
[4] The proponents of the will have sought to sustain its admission by another affidavit pertaining to its execution.
[5] The self-proving affidavit does not state that the witnesses signed at the request of the testator, but the other affidavit (identified in footnote 4 above) offered in support of the will's admission to probate does so declare.