**Billy James WYCOUGH, Appellant,**

v.

**Bertha Lorene BENNETT, Appellee.**

No. 18323.

Court of Civil Appeals of Texas, Dallas.

April 25, 1974.

Rehearing Denied May 16, 1974.

Bill Bass, Elliott & Bass, Canton, for appellant.

David C. Waldrep, Richard S. Geiger, Inc., Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Billy James Wycough appeals from a take-nothing summary judgment in his action for partition of real estate. We affirm.

The summary-judgment evidence is undisputed and may be summarized as follows: Irvine Olen Wycough was married to Bertha Lorene Wycough. No children were born of this marriage. Billy James Wycough was the only son of Irvine Olen Wycough by another marriage. James M. Fears was the only son of Bertha Lorene Wycough by another marriage. During the marriage of Irvine Olen Wycough and Bertha Lorene Wycough they acquired certain real property in Dallas County, same being community property. On May 18, 1960, Irvine Olen Wycough subscribed an instrument purporting to be his last will and testament in which he left all of his property to Bertha Lorene Wycough. The purported will was signed by the testator but the two persons who declared that they had signed and witnessed the instrument subscribed the same only on the self-proving affidavit and did not sign their names on the will itself. Irvine Olen Wycough died February 12, 1964. The purported will of Wycough was not offered for probate within four years after his death. In the meantime Bertha Lorene Wycough married Walter Bennett on July 20, 1968. On May 16, 1969, the subject property was conveyed to James M. Fears by his mother. On June 9, 1969, James M. Fears filed an application in the probate court of Dallas County, Texas, in cause number 69–1502–P/2 entitled "In the Matter of the Estate of Irvine Olen Wycough, Deceased," seeking to have the will of Irvine Olen Wycough, deceased, dated May 18, 1960, admitted to probate as a muniment of title. On November 7, 1969, the Judge of the Probate Court No. 2 of Dallas County, Texas, entered an order admitting the will of Irvine Olen Wycough, Deceased, to probate as a muniment of title. The order, on its face, recites that the court had jurisdiction and venue over the estate and that every citation and notice required by law has been issued, served and returned in the manner and for the length of time required by law. The court then recites that the will was executed with the formalities and solemnities required by law to make it a

valid will and that it was established to the satisfaction of the court that there are no unpaid debts owing by the estate and that there was no necessity for administration upon such estate. The court ordered the will to be admitted to probate as a muniment of title.

No appeal or writ of error was perfected and this judgment became final. After this judgment James M. Fears reconveyed the subject property to his mother, Bertha Lorene Wycough Bennett. Mrs. Bennett died intestate January 11, 1972, survived by James M. Fears as her sole heir-at-law.

On January 11, 1972, Billy James Wycough brought this action against Bertha Lorene Wycough seeking partition of the subject property. On December 18, 1972, Billy James Wycough, by first amended original petition sued James M. Fears, as the sole heir-at-law of Bertha Lorene Bennett, seeking partition of the subject property. Fears answered by asserting the judgment of the probate court admitting the last will of Irvine Olen Wycough to probate as a muniment of title. Fears also filed a motion for summary judgment supported by affidavits and documents evidencing the facts related above. Billy James Wycough filed his motion for summary judgment in which he asserted that he was the sole heir-at-law of his father Irvine Olen Wycough and was therefore an owner of one-half interest in the subject property. He contended that the purported will of his father Irvine Olen Wycough was a nullity and that the judgment of the probate court admitting said will to probate as a muniment of title was also void and of no force and effect.

The trial court sustained the motion for summary judgment filed by Fears and rendered judgment that Wycough take nothing.

Appellant Wycough, in his only point of error on appeal, contends that the trial court erred in sustaining appellee Fears' motion for summary judgment and in denying his motion. He argues (1) that the

will of Irvine Olen Wycough was a nullity since it was not witnessed in accordance with the law, and (2) that the probate court of Dallas County was without power to admit the void will to probate as a muniment of title.

In support of his first contention that the will of his father was void, appellant relies upon Boren v. Boren, 402 S.W.2d 728 (Tex.1966) and McGrew v. Bartlett, 387 S.W.2d 702 (Tex.Civ.App.—Houston 1965, writ ref'd). In *Boren* the identical factual situation was presented where the witnesses failed to sign the will but did sign the self-proving affidavit. The supreme court held that such a will was not valid and that the probate court erred in admitting the same to probate.

*Boren* and *McGrew,* however, were direct attacks by appeal from the order of the probate court. This partition suit is not such an appeal. Neither is it a direct attack by bill of review, which may not be brought more than two years after the date of the order under Tex.Prob. Code Ann. § 31 (1956), V.A.T.S. The attack here is collateral, and our question is whether such a collateral attack can succeed, even if we assume that the order was erroneous because the will was not properly witnessed.

Probably no principle of law is more definitely established than that a solemn judgment may not be made the subject of a collateral attack unless the court rendering said judgment was without jurisdiction to do so. As early as 1846, our supreme court in Sutherland v. deLeon, 1 Tex. 250, drew the distinction between void and voidable judgments. The court stated that if the court rendering the judgment had jurisdiction, such judgment was not to be questioned by a collateral inquiry. The court also said that if the judgment was not void it cannot be treated as a nullity, although error may be very apparent on the record and, until reversed, it is conclusive of the subject matter.

Again, in 1890, the supreme court in Whitman v. Haywood, 77 Tex. 557, 14 S.W. 166 considered the validity of a judgment of the probate court admitting a will to probate as against a collateral attack. The court denied the attack, saying:

All that was required was to show that an order for the probate of the will was made by a court having jurisdiction to make the order. If the evidence was not sufficient to authorize the judgment, the only way to avoid its effect was to pursue the remedies prescribed by the statute for the purpose. In a collateral proceeding the evidence upon which the will was established will not be considered, however defective it may seem.

In 1895 the supreme court in Clayton v. Hurt, 88 Tex. 595, 32 S.W. 876 (answering certified questions), again asserted the rule that after jurisdiction has attached, improper determination of questions would not render the judgment void even though such errors appear on the face of the record. See also Ex parte Tyler, 152 Tex. 602, 261 S.W.2d 833 (1953); Martin v. Sheppard, 145 Tex. 639, 201 S.W.2d 810 (1947); and Heard v. State, 146 Tex. 139, 204 S.W.2d 344 (1947).

Professor Gus M. Hodges of the University of Texas Law School in his article entitled Collateral Attacks on Judgments, 41 Tex.L.Rev. 499 (1963), has made a comprehensive and scholarly review of the question in which he refers to all of the applicable Texas authorities. On page 505 of his article, he reaches the heart of the question:

· It is quite clear that only a lack of jurisdiction will subject a judgment to collateral attack, although pursuant to proper allegations a judgment declaring a prior judgment void may be entered by agreement. Errors, however egregious, which are not concerned with jurisdiction are insufficient. Even errors which bear on jurisdiction are not sufficient unless they go to the power of the court to enter the judgment rather than to mere matters of procedure.

Our supreme court on April 3, 1974, in Deen v. Kirk, 508 S.W.2d 70, in discussing final judgments as provided in Texas Rules of Civil Procedure, rule 329(b), and in clarifying its previous decision in McEwen v. Harrison, 162 Tex. 125, 345 S. W.2d 706 (1961), held that a collateral attack on a final judgment was not proper where the court rendering the judgment had "jurisdictional power" to hear and adjudicate the same. The court pointed out that the words "jurisdictional power" mean jurisdiction over the subject matter, the power to hear and determine cases of the general class to which the particular case belongs.

The probate court of Dallas County, Texas, was the only court empowered by law to hear and determine the application for probate of the will of Irvine Olen Wycough. Tex.Const. art. V, § 16, Vernon's Ann.St., and Tex.Prob.Code Ann. § 4 (Vernon 1956) give original jurisdiction to the county courts (and probate courts established by the legislature in certain counties, including Dallas County) to hear and determine the probate of wills. In 1883 the supreme court in Franks v. Chapman, 60 Tex. 46 pointed out that under the present Constitution, as distinguished from the Constitution of 1845, the county court was granted original jurisdiction to determine probate matters and the district court was confined to appellate jurisdiction of such cases. *See also* Fortson v. Alford, 62 Tex. 576 (1884); Heath v. Layne, 62 Tex. 686 (1884); Cheatham v. Franke, 298 S.W.2d 202 (Tex.Civ.App.—Austin), rev'd on other grounds, 157 Tex. 397, 303 S.W.2d 355 (1957); and Locust v. Randle, 46 Tex. Civ.App. 544, 102 S.W. 946 (Tex.Civ.App. —1907, no writ).

From these authorities it follows that the probate court of Dallas County, Texas, was the court possessing original jurisdiction to hear and determine the application for probate of the will of Irvine Olen Wycough. The order of that court admitting the will to probate, as a muniment of title, recites upon its face that the court had jurisdiction and that due and proper notice had been served in accordance with the law. The property involved is in Dallas County, Texas. Although the will was not tendered for probate within four years after the death of the testator, the instrument may be ordered probated as a muniment of title. This is especially so where the court finds good excuse for the delay in filing such will for probate, such finding not being subject to collateral attack. Tex.Prob.Code Ann. § 73 (Vernon Supp.1974); Allen v. Bolton, 416 S.W.2d 906 (Tex.Civ.App. Corpus Christi 1967, no writ), and cases therein cited.

We think that the record demonstrates, and we so hold, that the probate court of Dallas County, Texas, had the jurisdictional power to entertain the application to probate the will of Irvine Olen Wycough as a muniment of title and also to render this judgment admitting the will to probate. Such judgment is therefore one not subject to collateral attack and appellant's efforts to do so are held to be ineffective.

Appellee Fears has established by competent summary-judgment evidence that appellant Wycough has no cause of action against him, as a matter of law, and therefore, the trial court was correct in rendering summary judgment. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.1970).

The judgment of the trial court is affirmed.