**Roy L. FULLER, Appellant,**

v.

**Joe H. SECHELSKI, Appellee.**

**No. 17198.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 19, 1978.

Rehearing Denied Nov. 16, 1978.

Edward Woolery-Price, Columbus, for appellant.

Joe S. Falco, Jr., Navasota, Roger Knight, Jr., Madisonville, for appellee.

COLEMAN, Chief Justice.

This was a proceeding to probate a lost will as a muniment of title. The trial was to the court without a jury and resulted in a judgment denying probate of the will of Rufus L. Sechelski, deceased. The judgment recites certain findings of fact and conclusions of law. Roy L. Fuller, a beneficiary under the will, appeals. The judgment will be affirmed.

Rufus L. Sechelski executed a will on September 18, 1963. In 1969 he suffered a stroke and upon being released from the hospital moved to a nursing home in Navasota, Texas. Helen Mercado, a niece, handled the business affairs of Mr. Sechelski after she was appointed guardian of his estate in 1971. She remained his guardian until his death on May 19, 1973.

Mr. Sechelski customarily kept his will in a suitcase in his room. Mrs. Mercado testified that while he was in the nursing home he gave her the original will to take to Mr. Bond, an attorney, because he wanted to change it. She took the will to Mr. Bond. Later she went to Mr. Bond's office and told him not to make a new will leaving property to her because she did not want a problem. She stated that Mr. Bond handed her an envelope which she supposed contained the original will although she did not open the envelope to determine that fact. She gave the envelope back to Mr. Sechelski and he twisted it and kept twisting it and told her to get Mr. Bond there to change the will. This was the last occasion on which she saw the will.

In June, 1973, Mr. Fuller secured the services of Mr. James H. Whitcomb, an attorney. Mr. Whitcomb got in touch with Mr. Bond and obtained a zerox copy of a copy of the will which Mr. Bond had retained in his office. He also learned from Mr. Bond that Mrs. Mercado was the guardian of Mr. Sechelski. He then wrote Mrs. Mercado telling her that Mr. Fuller had asked him to look into the matter of the will of Mr. Sechelski and that he had obtained a copy of the will. He stated that he understood that she, Mrs. Mercado, had the original will and inquired what her intentions were as to the disposition of the will and when she planned to file it for probate. Mr. Whitcomb testified that he did not receive a written reply to his letter to Mrs. Mercado and that he did not remember whether she called him on the phone. He gave the zerox copy of the will to Mr. Fuller's daughter, and this is the instrument which was later offered for probate.

Mr. Fuller testified to the effect that soon after he learned that Mrs. Mercado did not answer Mr. Whitcomb's letter he called her by telephone and asked her about the will. She told him that she had it in safekeeping. Mrs. Mercado testified that one week after her uncle, Mr. Sechelski, passed away Mr. Fuller called and asked her if she was going to probate the will and she told him that she did not have it. She further stated that was the only time she had any contact with Mr. Fuller.

No other action was taken by Mr. Fuller with regard to the will until February or March 1977. At that time his wife called the courthouse in Grimes County and found out that something had been filed. When her husband returned from an out of town job several weeks later they discussed the matter and decided that the will must have been filed for probate. A few more weeks passed and they went to see an attorney. The will was then filed for probate as a muniment of title on June 10, 1977.

■ A written will which cannot be produced in court must be proved in the same manner as provided by law for an attested written will produced in court. In addition the proponent of a written will which cannot be produced in court must prove the cause of its non-production and that it cannot by any reasonable diligence be produced. Section 85, Texas Probate Code.

Section 73, Texas Probate Code, provides that no will shall be admitted to probate after the lapse of four years from the death of the testator unless there be proof that the party applying for probate was not in default in failing to present the same for probate within the four year period.

The trial judge recited in the judgment entered that the proponent, Roy L. Fuller, failed to present the purported will of Rufus L. Sechelski for probate within four years from the date of death as required by Sections 73 and 74 of the Texas Probate Code, but that proponent did make a diligent effort to locate the original will within the statutory period. The parties to this appeal appear to have treated the court's finding that proponent made a diligent effort to find the original will as a finding that proponent was not in default in failing to present the will for probate within four years. It is more logical to suppose that the finding in question refers to the requirements of Section 85 of the Probate Code that the cause of the non-production of the will must be proved and that such cause must be sufficient to satisfy the court that

the will cannot by any reasonable diligence be produced. The trial judge made a finding on the last point. He made no specific fact finding as to the cause of the non-production of the will. The burden of establishing this fact rested on Mr. Fuller. *McClusky v. Owens*, 255 S.W.2d 939 (Tex. Civ.App.—Dallas 1953, writ ref.).

There is no testimony concerning the character of a search, if any, that was made for Mr. Sechelski's will or as to the disposition made of his personal effects after his death. While Mrs. Mercado testified that the last time she saw the will he was twisting it and asking her to get his lawyer, this event appeared to have happened some years before his death. Mr. Sechelski was survived by two brothers and there is no evidence that inquiry was made of either of them. Since the trial court refused to admit the will to probate no presumptions may be indulged to aid the case of the proponent. The trial judge made factual findings that the last time the will was seen it was in the custody and control of decedent and that diligent effort by proponent failed to produce it. He then concluded as a matter of law that the decedent destroyed the will with intent to revoke it. *Sparkman v. Massey's Estate*, 297 S.W.2d 308 (Tex.Civ. App.—Dallas 1956, ref. n. r. e.).

The will was filed for probate more than four years after the death of the testator. The trial court made no finding that Roy L. Fuller was not in default in failing to present the same for probate within four years of the date of the testator's death. The evidence does not establish this fact as a matter of law. Whether a proponent of a will is in default, as that term is used in Section 73 of the Probate Code, is usually a fact question for the determination of the court or jury. See *Farr v. Bell*, 460 S.W.2d 431 (Tex.Civ.App. —Dallas 1970, writ ref'd n. r. e.).

The evidence does no more than raise a fact issue as to whether Mr. Fuller was in default in failing to present the will for probate. The failure to secure a finding on this issue requires that the judgment of the trial court be affirmed. *Brown v. Byrd*, 512 S.W.2d 753 (Tex.Civ.App.—Tyler 1974, no writ hist.).

Since we have reached the conclusion that the judgment must be affirmed by reason of the matters raised in appellee's cross-point and discussed heretofore, it is unnecessary to discuss the appellant's points of error. No point requiring reversal is presented.

Affirmed.