In the Matter of the **ESTATE OF James B. McGREW, Deceased.**

No. 12–94–00003–CV.

Court of Appeals of Texas, Tyler.

Jan. 31, 1995.

Rehearing Overruled Feb. 23, 1995.

Howard Lang, Houston, Charles Elliot, Canton, for appellant.

Lynne Clarke, Bennee Jones, Dallas, Dan Anderson, Canton, James Brown, Dallas, for appellee.

HADDEN, Justice.

This is an appeal from an order by the County Court of Van Zandt County, Texas, admitting the will of James B. McGrew ("McGrew") to probate as a muniment of title. Appellees, Martin Gibson and his wife, Sherry Gibson, obtained probate of the McGrew will in order to perfect their title to land previously owned by McGrew. Appellant, Laura Derrick ("Derrick"), the daughter of McGrew, contested the probate of the will. We will affirm.

At the time of his death on February 6, 1977, McGrew and his wife, Kathleen McGrew, owned a community property interest in certain real property located in Van Zandt County. McGrew was survived by both his wife and Derrick, who was Kathleen McGrew's stepdaughter. Kathleen McGrew, knowing that her husband had executed a will, searched for it without success. She then filed an "Application for Letters of Administration" with the Van Zandt County Court, which was granted on March 29, 1977.

Soon thereafter, Kathleen McGrew's sister-in-law, Ms. Faynell Hammett ("Hammett"), remembered that Kathleen McGrew had loaned McGrew's will to her to use as a model for her own will. This was done without the knowledge or consent of McGrew, the testator. Hammett returned the will to Kathleen McGrew when she realized that she still had it. While the Van Zandt County administration was still pending, Kathleen McGrew made application to probate the will in Dallas County, Texas. This application was contested by Derrick. On November 10, 1980, the Dallas County Court admitted the will to probate, and copies of the will and the order admitting the will were subsequently recorded in the deed records of Van Zandt County, Texas. However, on July 13, 1982, the Texarkana Court of Appeals reversed the Dallas Court and held that the court's judgment there was void on jurisdictional grounds. The admission was eventually dismissed and no further effort was made by Kathleen McGrew to probate the will.

Thereafter, on August 6, 1982, Kathleen McGrew conveyed the Van Zandt County property to Rick Preston. By subsequent transactions, the property was conveyed to the Gibsons on August 24, 1987. Two years later Kathleen McGrew died. On February 13, 1990, Derrick gave written notification to the Gibsons that she claimed an interest in the Van Zandt County property as an heir-at-law of McGrew. On December 15, 1992, the Gibsons filed their "Application for Probate" of the McGrew will as a muniment of title which was contested by Derrick. The Van Zandt County Court admitted the will to probate by its September 27, 1993 order.

In her first point of error, Derrick argues that the trial court erred in admitting the will to probate more than four years after the date of the death of the testator. The Probate Code states, in pertinent part:

No will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid; and in no case shall letters testamentary be issued where a will is admitted to probate after the lapse of four years from the death of the testator.

TEX.PROB.CODE ANN. § 73(a) (Vernon 1980).

■ Under the express language of the Probate Code, the relevant inquiry here is whether the Gibsons were in default in failing to probate the will within four years of the testator's death. A testamentary instrument may be probated as a muniment of title after four years from the death of the testator. *Wycough v. Bennett*, 510 S.W.2d 112, 115 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.) (instrument may be ordered probated as muniment of title after 4 years from the death of testator, especially when court finds good excuse for delay in filing will for probate); *Allen v. Bolton*, 416 S.W.2d 906, 910 (Tex.Civ.App.—Corpus Christi 1967, no writ) (when good excuse exists, it is settled in Texas that an instrument shown to qualify

may be ordered probated as muniment of title although application for probate is filed more than 4 years after death of testator).

■ In the instant case, the Gibsons provided justification for the delay in probate. The evidence shows that the Gibsons did not acquire the Van Zandt County property until ten years after McGrew's death, and did not know of Derrick's claim to an interest in the property until thirteen (13) years after his death. Clearly, the Gibsons were not in default in failing to probate the will within four years of the testator's death.

■ Derrick suggests that the Gibsons were nevertheless in default for waiting almost three more years to present the will for probate after learning of Derrick's claim of interest. However, Derrick offers no authority to support this argument. While equitable principles may be considered in determining whether the Gibsons exercised reasonable diligence in presenting the will for probate, *Brown v. Byrd,* 512 S.W.2d 753, 755 (Tex.Civ.App.—Tyler 1974, no writ), the evidence in this case fails to show a lack of diligence. We therefore hold that the Gibsons were not in default. Point of error one is overruled.

■ In her second point of error, Appellant argues that the trial court erred in admitting the will to probate since Kathleen McGrew had waived any and all rights she had under the will. However, the issue of whether Kathleen McGrew was in default in failing to present the will for probate, or whether she waived her rights under the will is not applicable since the will was probated as a muniment of title. When probating a will for the purpose of establishing a link in a chain of title, "only the default of the party applying for probate of the will is at issue." *Fortinberry v. Fortinberry,* 326 S.W.2d 717, 719 (Tex.Civ.App.—Waco 1959, writ ref'd n.r.e.). Moreover, "the default of one proponent does not cut off the right of another proponent, not in default, to probate the will as a muniment of title." *Id.* We have already held that the Gibsons were not in default in failing to probate the will. Therefore, the trial court did not err in probating the will, regardless of any alleged default or

waiver on the part of Kathleen McGrew. Point of error two is overruled.

In point of error three, Derrick claims that the trial court erred in failing to find that McGrew destroyed the will with intent to revoke it prior to his death. Derrick contends that there were two identical wills executed by McGrew: (1) the "tissue paper" will which was probated, and (2) a "plain paper" will, which could not be found. She asserts that the failure to find the "plain paper" will created a presumption of revocation that was not overcome by the evidence.

■ In a will contest instituted prior to the admission of the will to probate, the proponent has the burden of proving that the will has not been revoked. *See* TEX.PROB. CODE ANN. § 88(b)(3) (Vernon 1980). However, when the proponent of the will establishes that the document has been executed with the requisite formalities of a valid will, a rebuttable presumption of continuity is recognized and it is not necessary for the proponent to produce direct evidence of non-revocation. *In re Page's Estate,* 544 S.W.2d 757, 761 (Tex.App.—Corpus Christi 1976, writ ref'd n.r.e.). If the contestants of the will produce evidence of revocation to cast doubt upon the continuity of the will, the presumption is rebutted and the proponents of the will must prove, by a preponderance of the evidence, that the will has not been revoked. *Turk v. Robles,* 810 S.W.2d 755, 759 (Tex. App.—Houston [1st Dist.] 1991, writ ref'd). The evidence of revocation must be substantial before the presumption of continuity is revoked. *In re Page's Estate,* 544 S.W.2d at 761.

■ The evidence at trial showed that the will, although written on "tissue paper," was a valid original will. Hubert Townsend ("Townsend") testified that he and Ben L. Lewis signed the will as witnesses, and that they had witnessed McGrew's signature on the will. He stated that McGrew was over the age of eighteen when he signed the will, and that he was of sound mind at the time. He also confirmed that the document was the only will that he had signed for McGrew, and that it had not been revoked to his knowledge. Hammett also testified that she did

not believe that the will had been revoked. Based on this evidence, the trial court found, inter alia, that: (1) the McGrew will "is an original will, not a copy and not a duplicate," (2) "Attesting witness Hubert Townsend signed only *one* will—the McGrew Will," (3) the will was not destroyed or obliterated, and (4) there "is no evidence that Testator ever intended that the McGrew Will be revoked."

The evidence clearly proved that the will met the basic requirements of a valid will under the Probate Code. *See* TEX.PROB. CODE ANN. § 59(a) (Vernon Supp.1994). Thus, the Gibsons, as proponents of the will, were not required to produce direct evidence of non-revocation unless Derrick presented evidence that cast doubt upon the presumption of continuity. Appellant claims that the testimony of Kathleen McGrew and Hammett, which indicated that there was once a plain paper will that is now missing, destroys the presumption. However, this evidence does not show that McGrew revoked the will that was admitted for probate. There is no evidence that he revoked it by a subsequent writing, or that he destroyed or canceled the will. *See* TEX.PROB.CODE ANN. § 63 (Vernon 1980). *Compare, Turk,* 810 S.W.2d at 758 (testimony that testator revoked the will through a subsequent document cast doubt upon the presumption of continuity). There is also no evidence that the alleged plain paper will was actually a valid will under the requirements of the Probate Code, or that its existence or loss indicated that the tissue paper will was revoked. Since the evidence does not destroy the presumption of continuity, the Gibsons were not required to produce evidence of non-revocation.

Derrick cites several authorities on the issue of revocation. However, these cases are not applicable here because each case involves probate of a lost will or a copy of a will, not an *original* will. *Fuller v. Sechelski,* 573 S.W.2d 587, 588 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.) (probate of a xerox copy of will); *Mingo v. Mingo,* 507 S.W.2d 310, 311 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.) (probate of conformed copy of will not signed by decedent or any attesting witnesses); *Dodd v. Peoples Nat'l Bank,* 377 S.W.2d 760, 761 (Tex.Civ.App.—

Texarkana 1964, no writ) (probate of carbon copy of will not signed by decedent or attesting witness); *Tinney v. Carpenter,* 369 S.W.2d 440, 441 (Tex.Civ.App.—Austin 1963, writ ref'd n.r.e.) (probate of a lost will); *Bailey v. Bailey,* 171 S.W.2d 162, 163 (Tex.Civ. App.—Amarillo 1943, no writ) (probate of unsigned carbon copy of will).

Even if Derrick had presented evidence raising the issue of revocation, the evidence at trial was sufficient to prove by a preponderance of the evidence that the will had not been revoked. Both Townsend and Hammett testified that they did not believe that the will had been revoked. Moreover, nothing in the circumstances surrounding the will indicates that McGrew intended to revoke it.

 The trial court, as trier of fact and the sole judge of the credibility of the witnesses, is free to draw its own deductions from all the evidence, and is not bound by the testimony of any particular witness. *In re Page's Estate,* 544 S.W.2d at 761 (and cases cited therein). The trier of facts may reject a party's testimony in whole or in part. *Pearce v. Meek,* 780 S.W.2d 289, 294 (Tex. App.—Tyler 1989, no writ). Once the trier of fact makes its findings, those findings are binding on an appellate court unless they are supported by no evidence or they are so against the great weight of the evidence as to be manifestly unjust. *Pearce,* 780 S.W.2d at 294; *Lane v. Brown,* 312 S.W.2d 735, 739 (Tex.App.—Dallas 1958, writ ref'd n.r.e.).

In the instant case, the trial court specifically found that the will had not been revoked. In making this finding, the trial court could have reached his conclusion through the supporting testimony of Hammett and Townsend, and could have given little or no weight to Kathleen McGrew's deposition testimony. The trial court's findings of fact are not so against the great weight and preponderance of the evidence so as to be manifestly unjust. Point three is overruled.

In points of error four and five, which are argued together, Appellant contends that the trial court erred in admitting the will to probate for the reason that the will was illegible and lacked the requisite formalities and solemnities of execution under the laws

**58**

of the State of Texas. We will address the illegibility question first.

Appellant asserts that as a result of all the markings, changes, and deletions on the "tissue paper" will by Hammett, the will has been rendered illegible and "reflects more properly what Hammett wants done with her property than it does what McGrew would want done with his property." Appellant relies on *Pelton v. Dawley* for the proposition that the will should not have been probated given its illegibility. *Pelton v. Dawley*, 556 S.W.2d 398 (Tex.Civ.App.—Waco 1977, no writ). However, in *Pelton* the court held that two critical words relating to the beneficiary of the testator's property were "too illegible to bear other than speculative deciphering by the court." *Id.* at 400. McGrew's will, which is before us as part of the record, is clearly legible, including the words stricken by Hammett's pen. Moreover, Hammett's testimony unquestionably delineated every mark that she made on the will to the effect that McGrew's purpose and intent was not ambiguous.

Appellant further argues in her fifth point that the will should not have been admitted to probate because the date of the testator's execution is two years before the date that the witnesses signed the will. This is of no consequence since a will need not be executed by the testator in the presence of witnesses; the testator can sign either before or after the witnesses. *Ludwick v. Fowler*, 193 S.W.2d 692, 695 (Tex.Civ.App.—Dallas 1946, writ ref'd n.r.e.); *Venner v. Layton*, 244 S.W.2d 852, 856 (Tex.Civ.App.—Dallas 1951, writ ref'd n.r.e.). Appellant's fourth and fifth points of error are overruled.

The judgment of the trial court is **affirmed.**