

NUMBER 13-11-00467-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN THE ESTATE OF JAMES A. ELDERS SR., DECEASED

---

**On appeal from the County Court at Law
of McLennan County, Texas.[1]**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Vela, and Perkes
Memorandum Opinion by Justice Vela**

This is an appeal from a trial court order admitting the will of James A. Elders Sr.

("James Sr.") deceased, to probate as a muniment of title. Appellants, Laurie Mattson,

James A. Elders III, and the Elders Children's Trust, argue that the trial court erred: (1) in

finding that the evidence presented at the hearing was legally and factually sufficient to

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

show that Patricia Elders was not in default for failing to probate James Sr.'s will; (2) in finding that the evidence was legally and factually sufficient to show that the proponent of the will was not in default for failing to submit the will timely for probate; and (3) admitting the will to probate because more than four years had lapsed since James Sr.'s death in 1980. We affirm.

## I. BACKGROUND

James Sr. died on May 31, 1980. Less than four years later, Patricia Elders, his widow, filed an affidavit of heirship in the records of McLennan County. The affidavit of heirship purported to incorporate James Sr.'s last will and testament for "all legal purposes." Patricia was the sole beneficiary under James Sr.'s will. James and Patricia had two children, James Jr. and Tommy Reese ("T.R."). James Jr. died in 1999. In 2002, Patricia executed a warranty deed transferring the acreage composing the property that is the subject of this case to T.R. Since that time, T.R. has paid all taxes on the property as well as added improvements. In 2009, the State began eminent domain proceedings to acquire a portion of the property. At that time, the State notified Laurie Mattson and James Elders III, the children of James Jr., that they might have an ownership interest in the property because James Sr.'s will had not been probated. T.R. then filed an application to probate the will as a muniment of title, which the trial court granted. Thereafter, the trial court entered findings of fact and conclusions of law. Appellants timely appealed the order.

## II. STANDARD OF REVIEW

In this appeal, appellants challenge the legal and factual sufficiency of the evidence to show that Patricia and T.R. were not in default for failing to timely probate the will within the time allowed by statute. In a bench trial, findings of fact have the same force and dignity as a jury's verdict upon jury questions. *In re C.R.O.*, 96 S.W.3d 442, 447 (Tex. App.—Amarillo 2002, pet. denied). However, findings of fact are not conclusive when there is a complete record. *Leax v. Leax*, 305 S.W.3d 22, 28 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). When a complete reporter's record is filed, the trial court's factual findings are reviewable for legal and factual sufficiency under the same standards that are applied in reviewing the sufficiency of the evidence supporting jury findings. *In re C.R.O.,* 96 S.W.3d at 447. A trial court has the right to believe or disbelieve testimony that comes before it. *See Farr v. Bell*, 460 S.W 2d 431, 435 (Tex. App.—Dallas 1970, writ ref'd n.r.e.).

A trial court's conclusions of law are reviewed de novo. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). A trial court's conclusions of law may not be challenged for factual sufficiency; however, a reviewing court may review the conclusions drawn from the facts to determine their correctness. *Id.*

Pursuant to the Texas Probate Code, a will must be submitted for probate within four years of the testator's death. TEX. PROB. CODE ANN. § 73(a) (West 2003). After expiration of the four-year period, a will may be probated as a muniment of title as long as the will's proponent is not "in default." *Id.*; *see Wycough v. Bennett*, 510 S.W.2d 112, 115 (Tex. Civ. App.—Dallas 1974, writ ref'd n.r.e.). The term "default," as used in

3

connection with offering a will for probate, means the absence of reasonable diligence on the part of the party offering the instrument. *In Re Estate of Campbell*, 343 S.W.3d 899, 903 (Tex. App.—Amarillo 2011, no pet.).

Whether the proponent of a will is in default is normally a question of fact. *Chovanec v. Chovanec*, 881 S.W.2d 135, 137 (Tex. App.—Houston [1st Dist.] 1994, no writ). Texas case law leans heavily in favor of allowing a will to be offered as a muniment of title where the proponent offers a reasonable excuse for failing to probate the will during the statutory period. *Id.* Indeed, the proponent's belief that probate was unnecessary has been found sufficient. *Id.*; *Kamoos v. Woodward*, 570 S.W.2d 6, 9 (Tex. Civ. App.—San Antonio 1978, writ ref'd n.r.e.).

### III. ANALYSIS

The trial court made the following fact findings, which we paraphrase as follows:

(1) While four years had elapsed since James Sr.'s death, T.R. was not in default.

(2) T.R. received the property as grantee under a deed from his mother who was James Sr.'s surviving spouse. Thus, T.R. is not attributed default or lack of diligence.

(3) Patricia believed she had full ownership of the property after James Sr.'s death.

(4) Patricia was not in default because she believed that filing the will with the affidavit of heirship was sufficient to effectuate the terms of the will.

(5) T.R. first learned of potential title issues when the condemnation proceedings were going on.

(6) T.R. promptly applied to probate the will after being apprised of potential issues.

(7) The family believed that Patricia had been the full owner of the property

4

after James Sr.'s death.

(8)     The family believed that T.R. was the full owner of the property after having been deeded the property by his mother.

(9)     Appellants had not believed or expected that they had rights in the property until the State of Texas informed them about potential title issues.

(10)    T.R. paid all property taxes and had been responsible for all maintenance on the property since 2002.

(11)    The will should be admitted to probate.

Appellants argue that contrary to the trial court's findings, the record reflects that Patricia intended not to probate the will so that the family property would pass through intestate succession. T.R. counters that he took the property as a grantee, thus, the trial court only needed to determine whether he acted in a reasonably diligent manner in seeking to admit his father's will to probate, and no other person's default may be attributable to him. We agree with T.R.'s position.

The trial court found that T.R. first learned of potential title issues when the condemnation proceedings began in 2009 and promptly applied to probate the will after being apprised of potential issues. This finding is supported by T.R.'s trial testimony that prior to the condemnation action by the State, he did not know that there was a possibility that he did not own 100% of the property. Within a few months, and upon advice of counsel, he filed an action to probate the will as a muniment of title.

In *Estate of McGrew*, the trial court admitted a will to probate after a request was made by the Gibsons, who were subsequent purchasers of property. 906 S.W.2d 53, 56 (Tex. App.—Tyler 1995, writ denied). The *McGrew* appellants argued that the trial court erred in admitting the will to probate because the will beneficiary had waived her rights by

5

not timely admitting it to probate. *Id.* The Tyler court held "the issue of whether Kathleen McGrew was in default in failing to present the will for probate, or whether she waived her rights under the will is not applicable since the will was probated as a muniment of title. When probating a will for the purpose of establishing a link in a chain of title, 'only the default of the party applying for probate of the will is in issue.'" *Id.* (citing *Fortinberry v. Fortinberry*, 326 S.W.2d 717, 719 (Tex. Civ. App.—Waco 1959, writ ref'd n.r.e.). The default of one proponent does not cut off the right of another proponent, not in default, to probate the will as a muniment of title. *Id.* In *McGrew*, the court found that the Gibsons had provided justification for the delay. *Id.* at 55. They did not acquire the property until ten years later and had no knowledge that someone claimed an interest in the property. *Id.* Applying reasoning applicable to the trial court's findings here, we conclude there was sufficient evidence before the trial court to have based its finding that T.R. was not in default in failing to probate the will within four years.

Even if we look to Patricia's diligence, there is, nevertheless, some evidence that she was not in default in failing to probate her husband's will. A proponent's belief that probate is unnecessary has been found sufficient. *See Kamoos*, 570 S.W.2d at 9. Here, Patricia was the sole beneficiary of the will, and the affidavit of heirship stated that it was incorporating the will by reference, and that probate of the will would not be anticipated because all debts against the estate had been paid and there was no need to probate it. This evidence is sufficient to support the trial court's findings. We overrule appellants' issues.

6

## IV. CONCLUSION

The judgment of the trial court is affirmed.


ROSE VELA
Justice

Delivered and filed the
29th day of August, 2012.