**Opinion filed March 19, 2026**



# In The

# Eleventh Court of Appeals

_____

## No. 11-24-00243-CV

_____

## IN THE ESTATE OF TEDDY JACK WRIGHT A/K/A TED WRIGHT, DECEASED

**On Appeal from the 39th District Court**
**Throckmorton County, Texas**
**Trial Court Cause No. 3549**

## M E M O R A N D U M   O P I N I O N

This appeal concerns the district court's subject-matter jurisdiction to hear and decide this case and its order to admit a 2019 will of the decedent, Teddy Jack Wright a/k/a Ted Wright, to probate. In two issues, Appellant, Robin Renee McCarthy, contends that the district court erred when it: (1) exercised jurisdiction over any aspect of the probate proceeding due to the county court's "defective" order to transfer venue to the district court; and (2) admitted the 2019 instrument to probate as Teddy's last will and testament "because the only evidence that [this] instrument

was never revoked was legally defective and constituted nonprobative legal conclusions as a matter of law." We affirm.

## I. *Factual Background*

Robin is Teddy's child and the half-sibling of Appellees, Andrew Loyd Wright (Andy) and Glynda Beth Fincannon. Teddy passed away in July 2022. In October 2022, Andy and Glynda filed an application to probate Teddy's will in Cause No. 3544 in the 39th District Court of Throckmorton County. With their application, they attached an instrument dated January 17, 2019—Teddy's last will and testament—and named Robin as a respondent who claimed to have another will that was signed by Teddy. The 2019 instrument expressly made no provision for Robin, appointed Andy and Glynda as co-executors, and bequeathed Teddy's estate to them.

Robin specially appeared, filed a plea to the jurisdiction, and argued that the district court did not have original jurisdiction over the probate proceedings pursuant to Sections 32.001 and 32.002 of the Texas Estates Code. *See* TEX. EST. CODE ANN. §§ 32.001, .002 (West 2020). Specifically, Robin contended that the Throckmorton County Court had exclusive jurisdiction over the probate matter because Teddy was domiciled in Texas and resided in Throckmorton County at the time of his death. Robin also filed a general denial in the district court and specifically pleaded that the 2019 instrument was not a valid will and should not have been admitted to probate. Robin further contended that a 2007 instrument was Teddy's valid and lawful will, otherwise he died intestate.

On the same day, Robin also filed an application to probate the 2007 instrument as Teddy's will in Cause No. 1598 in the Throckmorton County Court. Andy and Glynda answered and contended that any will that was signed by Teddy before January 17, 2019, would have been revoked and that his only valid will was the one dated January 17, 2019, which they had offered.

2

Andy and Glynda also filed their application to probate Teddy's 2019 will in the county court and moved to transfer the parties' pending probate proceedings in Cause No. 1598 to the 39th District Court. Their motion was based on Section 32.003(a)(2) of the Estates Code, which under these circumstances, they argued, compelled the county court to transfer a contested matter in a probate proceeding to the district court upon a party's request. *See* EST. § 32.003(a)(2).

On December 30, 2022, the county court signed a transfer order, the substance of which is reproduced below:

### ORDER ON MOTION TO TRANSFER TO DISTRICT COURT

After considering ANDREW LOYD WRIGHT and GLYNDA BETH FINCANNON's Motion to Transfer to the 39th Judicial District Court of Throckmorton County, Texas, the Court

**DENIES** the motion.

**GRANTS** the motion. **IT IS THEREFORE ORDERED** that all matters, including matters set out in ROBIN RENEE MCCARTHY's Application and Opposition and ANDREW LOYD WRIGHT and GLYNDA BETH FINCANNON's Application and Answer and Opposition, filed in this case and pending before this Court in the above-styled and numbered cause and all other matters that shall be contested in the future shall be transferred to the 39th Judicial District Court of Throckmorton County, Texas.

SIGNED on _____12/30/2022_____, 2022.

/s/ Judge Trey Carrington
PRESIDING JUDGE

On January 9, 2023, Dianna Moore executed a transfer certificate from herself in her capacity as Throckmorton County Clerk to herself in her capacity as Throckmorton County District Clerk, and transferred all documents filed in Cause No. 1598 to the district court, under Cause No. 3549.

Robin never objected to the transfer of the proceedings, and shortly thereafter Cause No. 3549 proceeded to a final hearing before the district court on the probate applications. At this hearing, Andy testified that, to the best of his knowledge, the 2019 will had never been revoked. The district court signed an "Order Admitting Will to Probate After Will Contest and Authorizing Letters Testamentary" in which

it admitted the 2019 will and denied Robin's opposition. At Robin's request, the trial court prepared findings of fact and conclusions of law in Cause No. 3549.[1]

## II. *Analysis*

### A. *Subject-Matter Jurisdiction*

In her first issue, Robin contends that the district court erred when it exercised jurisdiction over any aspect of the underlying probate proceedings because the county court's transfer order was defective and failed to effectively transfer jurisdiction of the probate proceedings to the district court. Consequently, because it lacked subject-matter jurisdiction over the proceedings, Robin asserts that (1) all orders signed by the district court are void as a matter of law and resulted in the rendition of an improper judgment, and (2) the district court's order admitting the 2019 will to probate and authorizing letters testamentary must be vacated. Robin concedes on appeal that "there is no doubt" the county court had the authority to transfer the proceedings to the district court, but she urges that it did not effectively do so because its transfer order is defective and a nullity.

Andy and Glynda respond that the county court's intent is discernible from its order because (1) it lacked the discretion to refuse to grant their motion to transfer, (2) the parties engaged in a course of conduct that suggested the order granted the motion, and (3) the more specific provisions in the order that granted the motion control over the more general provision denying it. They further contend that even

---

[1]Robin also filed a request for findings of fact and conclusions of law in Cause No. 3544, the original district court cause number that was assigned to Andy and Glynda's application for probate prior to Robin's filing of her application in the county court. The district court stated in a letter to both parties' counsel that no order admitting a will to probate had been signed in Cause No. 3544, but only in Cause No. 3549. Robin filed a notice of past due findings of fact and conclusions of law in the same cause number and emphasized that the district court's order was captioned by both cause numbers. The district court responded in another letter to both parties' counsel and stated again that the order admitting the will to probate was filed only in Cause No. 3549. Robin filed notices of appeal under both cause numbers in the district court and requested that we take judicial notice of them. We subsequently consolidated the appeals under this cause number.

4

if the county court's order was defective, the transfer to the district court was nonetheless valid because (1) the district court acquired jurisdiction under Section 32.003(a) of the Estates Code because of the contested matter in the case, and not from the county court's order, and (2) Robin's objections are procedural and were waived by her failure to object in the trial court.

## 1. *Standard of Review*

Subject-matter jurisdiction is essential to a trial court's power to hear and decide a case. *Tex. Right to Life v. Van Stean*, 702 S.W.3d 348, 352 (Tex. 2024). "A trial court has subject-matter jurisdiction 'when the nature of the case falls within the general category of cases the court is empowered, under applicable statutory and constitutional provisions, to adjudicate.'" *Guimaraes v. Brann*, 562 S.W.3d 521, 536 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (quoting *Diocese of Galveston-Hous. v. Stone*, 892 S.W.2d 169, 174 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding)).

Whether a particular court has subject-matter jurisdiction is a question of law that we review de novo. *In re Estate of Hallmark*, 629 S.W.3d 433, 437 (Tex. App.—Eastland 2020, no pet.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). In making that determination, we do not consider the merits of the case; instead, we look only to the pleadings and any evidence that is relevant to the jurisdictional inquiry. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *In re Commitment of Burd*, 612 S.W.3d 450, 458 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). We determine jurisdiction on a claim-by-claim basis. *San Jacinto River Auth. v. City of Conroe*, 688 S.W.3d 124, 133 (Tex. 2024).

## 2. *Application*

"In a county in which there is no statutory probate court or county court at law exercising original probate jurisdiction, the county court has original jurisdiction of

5

probate proceedings." EST. § 32.002(a). Throckmorton County has neither a statutory probate court nor a county court at law.[2] *See generally* TEX. GOV'T CODE ANN. Ch. 25, Subchs. B & C (West 2019 & Supp. 2025) (establishing statutory probate courts and county courts at law). Thus, in a county such as Throckmorton, "when a matter in a probate proceeding is contested, the judge of the county court . . . *shall*, on the motion of any party to the proceeding, according to the motion . . . transfer the contested matter to the district court, which may then hear the contested matter as if originally filed in the district court." EST. § 32.003(a) (emphasis added).

Robin is correct that original jurisdiction of the probate proceedings lies with the county court, not the district court. *Id.* § 32.002(a). And as Robin has conceded, the county court had the authority to order the proceedings transferred to the district court, pursuant to Section 32.003(a). *Id.* § 32.003(a). In fact, the county court was required to do so, as Andy and Glynda have urged, because it is undisputed that matters in the probate proceedings were contested. *Id.*; *see Sivley v. Sivley*, 972 S.W.2d 850, 856 (Tex. App.—Tyler 1998, no pet.) (A probate matter is considered contested when "the pleadings on file demonstrate that the parties to the suit have adopted adversary positions."). Nevertheless, Robin contends that the county court's order was defective and failed to effectively transfer the matter to the district court.

The same rules of interpretation for written instruments apply to construing the meaning of a trial court's order. *See Kourosh Hemyari v. Stephens*, 355 S.W.3d 623, 626 (Tex. 2011); *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404–05 (Tex. 1971); *In re Schlumberger Tech. Corp.*, No. 11-19-00204-CV, 2019 WL 5617632, at *4 (Tex. App.—Eastland Oct. 24, 2019, orig. proceeding) (mem. op.). A trial court's order is ambiguous if, applying the standard rules of

---

[2]"The 39th Judicial District is composed of Haskell, Kent, Stonewall, and Throckmorton counties." GOV'T § 24.141(a) (West 2023).

construction, it is susceptible to more than one reasonable interpretation. *Kourosh Hemyari*, 355 S.W.3d at 626. Generally, when interpreting a trial court's order that is ambiguous or contradictory, an appellate court may consider the entire record to determine the trial court's intent in signing the order; and particularly, it should interpret the order "in light of the motion upon which it was granted." *Estate of Cougot*, No. 08-22-00007-CV, 2022 WL 2866012, at *3 (Tex. App.—El Paso July 21, 2022, pet. denied) (mem. op.) (quoting *Lone Star Cement*, 467 S.W.2d at 404–05); *see also Kourosh Hemyari*, 355 S.W.3d at 626 ("Only where an order's terms are ambiguous—that is, susceptible of more than one reasonable interpretation—do we look to the surrounding circumstances to discern their meaning."). Thus, "[w]hen an ambiguous order is susceptible to two reasonable constructions, an appellate court should adopt the construction that correctly applies the law." *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *see also In re Estate of Moore*, No. 05-18-00019-CV, 2019 WL 2098477, at *5 (Tex. App.—Dallas May 14, 2019, pet. denied) (mem. op.).

Citing to *Rivera* and *McGuyer*, Robin argues that the county court's order is patently ambiguous and therefore unenforceable because it purports to both deny and grant the motion to transfer. *See Rivera v. Shafaii Invs., Ltd.*, 727 S.W.3d 501, 503 (Tex. App.—Houston [14th Dist.] 2025, pet. denied) ("If an order or judgment is ambiguous and uncertain, and its terms are contradictory and cannot be harmonized, the order or judgment is unenforceable."); *McGuyer Homebuilders Inc. v. Hastings*, 613 S.W.3d 358, 359–60 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing *Harper v. Welchem*, 799 S.W.2d 492, 494 (Tex. App.—Houston [14th Dist.] 1990, no writ)). We disagree.

In their motion, Andy and Glynda requested that the county court "transfer a contested matter in this probate proceeding" to the district court. They also stated that Robin had filed her opposition contesting Andy's and Glynda's application to

probate the 2019 will and that Andy and Glynda had similarly filed an answer and opposition contesting Robin's application to probate the 2007 will. Their motion contained citations to Section 32.003(a)(2) and supporting case law as the basis for their request.

Although the order contains both a statement that the county court denies the motion to transfer and grants it, only the granting statement is supported by clear decretal language. "Decretal language is the language employed to grant or deny" the relief requested in a motion. *See Shetewy v. Mediation Inst. of N. Tex., LLC*, 624 S.W.3d 285, 288 (Tex. App.—Fort Worth 2021, no pet.). An order that lacks decretal language "is nothing more than [an] indication of the trial court's ruling on the motion itself." *Sunday Canyon Prop. Owners Ass'n, Inc. v. Brorman*, No. 07-23-00195-CV, 2024 WL 851513, at *2 (Tex. App.—Amarillo Feb. 28, 2024, pet. denied) (mem. op.). This principle works hand in hand with the interpretive principle that a writing's more specific language controls over its general language. *See Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 889 (Tex. 2019); *Cowan v. Worrell*, 638 S.W.3d 244, 258 (Tex. App.—Eastland 2022, no pet.) (citing *Stribling v. Millican DPC Partners, LP*, 458 S.W.3d 17, 20 (Tex. 2015)).

The decretal language in the order follows the statement that the county court "**GRANTS** the motion" and states that: "**IT IS THEREFORE ORDERED** that all matters . . . filed in this case and pending before this [c]ourt . . . and all other matters that shall be contested in the future shall be transferred to the 39th Judicial District Court." This language is much clearer than the patently ambiguous orders in *Rivera* and *McGuyer*, neither of which contained such distinguishable language. *See Rivera*, 727 S.W.3d at 504; *McGuyer*, 613 S.W.3d at 359–60.

Moreover, the circumstances surrounding this order differ materially from those in the cases that Robin cites. Here, the county court was statutorily bound to grant the motion to transfer. *See In re Surovik*, No. 07-20-00371-CV, 2021

WL 865205, at *3 (Tex. App.—Amarillo Mar. 8, 2021, orig. proceeding) (mem. op.) ("[The county judge] had no discretion not to transfer a contested probate matter on [the party's] motion if any matter was contested at the time." (citing EST. § 32.003(a)(2))); *see also MacGregor*, 941 S.W.2d at 75 (We must adopt the construction that correctly applies the law.). Section 32.003(a)(2) imposes a mandatory duty on the county court to transfer contested matters to the district court on the motion of any party to the dispute. EST. § 32.003(a)(2). In this case, it is undisputed that the matters sought to be transferred were contested. Andy and Glynda filed their opposition to Robin's application, and their own application, the same day that they filed their motion to transfer. Further, Robin concedes in her brief that the transfer to the district court was proper; she simply contends that the transfer order itself was fatally defective.

Also, the county clerk executed the transfer after the entry of the county court's order, and the parties proceeded, without objection, to a final resolution of the contested matters in the district court from which Robin now appeals and, for the first time, raises her complaint regarding the propriety of the transfer order. *See Lone Star Cement*, 467 S.W.2d at 405 (considering the subsequent treatment of the effect of a poorly drafted order to ascertain its meaning).

As we have said, the county court was statutorily required to grant Andy's and Glynda's motion for transfer. *See Surovik*, 2021 WL 865205, at *3 (citing EST. § 32.003(a)(2)). In its order, the county court ordered that the proceedings "shall be transferred to the 39th Judicial District Court." Both courts, the county and district clerk, and the parties proceeded as if the case had been properly transferred. *See Lone Star Cement*, 467 S.W.2d at 405. Therefore, based on the foregoing, we conclude that the county court's order granted the motion to transfer and correctly ordered that the contested matters be transferred to the district court.

Accordingly, we overrule Robin's first issue.[3]

B. *Sufficiency of the Evidence: Will Revocation*

In her second issue, Robin contends that the district court erred when it admitted Teddy's 2019 will to probate because the only evidence that it was not revoked was legally defective and constituted nonprobative legal conclusions as a matter of law. Specifically, Robin contends that Andy's testimony that the 2019 will was never revoked "to the best of [his] knowledge" is insufficient to support the district court's (1) findings in its order admitting the 2019 will to probate that the 2019 will had not been revoked and should be admitted to probate, and (2) corresponding finding of fact that the 2019 will had not been revoked and its conclusion of law that the 2019 will is valid and should be admitted to probate. Andy and Glynda respond that the presumption of continued validity attached to the 2019 will and that Robin failed to rebut the presumption.

1. *Standard of Review*

When a trial court files findings of fact and conclusions of law, its factual findings have the same force as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). The trial court's findings of fact are not conclusive on disputed issues, and when, as here, the appellate record contains a reporter's record, an appellant may challenge those findings for evidentiary sufficiency. *Miranda v. Byles*, 390 S.W.3d 543, 553 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). We review the sufficiency of the evidence to support challenged findings of fact using the same standards that are applied to jury findings. *Id.*; *see Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). Here, Robin challenges the district court's findings that the 2019 will "had not been revoked by [Teddy] at [Teddy's] death."

---

[3]Because we hold that the transfer order was effective, we need not address Robin's contention that the district court lacked subject-matter jurisdiction. *See* TEX. R. APP. P. 47.1.

Evidence is legally insufficient to support a finding of fact when: (1) the record discloses a complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 783 (Tex. 2020); *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018). In making this determination, we credit all favorable evidence if a reasonable factfinder could and disregard all contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

When reviewing a factual sufficiency challenge, we "must consider and weigh all of the evidence," not just the evidence that supports the factfinder's finding. *Gonzalez v. Sanchez*, 717 S.W.3d 516, 527 (Tex. App.—Eastland 2025, no pet.) (quoting *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998)). We must review the evidence in a neutral light. *Id.* (citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001)). If we set aside a judgment on the basis that a vital finding is not supported by factually sufficient evidence, we must detail the evidence that is relevant to the issue and specify how the contrary evidence greatly outweighs the evidence that supports the finding. *Id.* (citing *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986)).

The proponent of a self-proved will has the burden to prove that the will has not been revoked. *Ashley v. Usher*, 384 S.W.2d 696, 698 (Tex. 1964). Because Robin challenges the legal sufficiency of an adverse finding for which she did not have the burden of proof at trial, she must establish that no evidence supports the adverse finding. *Gonzalez*, 717 S.W.3d at 526 (citing *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 215 (Tex. 2011)). For her factual sufficiency challenge, Robin must establish that the evidence in support of the finding is so weak

or contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Id.* at 527 (citing *Pool*, 715 S.W.2d at 635).

2. *Application*

The only evidence presented to the district court that the 2019 will was never revoked consists of Andy's (1) statements in his Proof of Death and Other Facts, and (2) testimony at the final hearing that the 2019 will had never been revoked, to "the best of [his] knowledge." Robin argues that none of these statements were accompanied by a factual predicate and constitute bare legal conclusions which do not constitute evidence. Because Section 256.152(a)(1) of the Estates Code requires that an applicant who desires to probate a will must prove that the testator did not revoke it, Robin reasons that Andy and Glynda failed to offer any evidence to establish that the 2019 will had not, in fact, been revoked. *See* EST. § 256.152(a)(1).

The proponent of a will must prove that the testator did not revoke it. *Id.* However, it is well established that when a will is produced without mutilation or other evidence of an intent to revoke, and the will is otherwise valid and has been duly shown to have been executed with the requisite formalities, a rebuttable presumption of continuity arises, and the will proponent need not then produce direct evidence of no revocation. *See Estate of Brown*, 704 S.W.3d 428, 435 (Tex. 2024) (citing *Harkins v. Crews*, 907 S.W.2d 51, 59 (Tex. App.—San Antonio 1995, writ denied)); *Ashley v. Usher*, 384 S.W.2d 696, 698 (Tex. 1964) (citing *Brackenridge v. Roberts*, 267 S.W. 244 (Tex. 1924)); *May v. Brown*, 190 S.W.2d 715, 719 (Tex. 1945); *In re Estate of Hendler*, 316 S.W.3d 703, 711 (Tex. App.—Dallas 2010, no pet.) (citing *In re Estate of Teal*, 135 S.W.3d 87, 92 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.)); *In re Estate of McGrew*, 906 S.W.2d 53, 56 (Tex. App.—Tyler 1995, pet. denied) (citing *In re Page's Estate*, 544 S.W.2d 757, 761 (Tex. App.—Corpus Christi–Edinburg 1976, writ ref'd n.r.e.)). In such circumstances, there is no requirement that the proponent produce other evidence. *See, e.g.*,

12

*McGrew*, 906 S.W.2d at 57. If the contestants of the will produce evidence of revocation, the presumption is rebutted and the burden shifts back to the proponents to prove by a preponderance of the evidence that the will has not been revoked. *Id.* at 56 (citing *Turk v. Robles*, 810 S.W.2d 755, 759 (Tex. App.—Houston [1st Dist.] 1991, writ ref'd)). The evidence of revocation must be substantial before the presumption of continuity is rebutted. *Id.* (citing *Page's Estate*, 544 S.W.2d at 761).

Here, with respect to the 2019 will, the district court found that: (1) Teddy was over eighteen when he signed the will; (2) Teddy signed the will in person; (3) the will was attested by two witnesses who were over fourteen and who subscribed their names to the will in their own handwriting in Teddy's presence; (4) Teddy had full testamentary capacity as required by law; (5) the will was not executed by Teddy as a result of undue influence; (6) Teddy executed the will and his signature on it was not forged; and (7) the will was self-proving. Robin does not challenge these findings of fact, and the record supports the district court's findings. *See In re Estate of Richards*, 703 S.W.3d 920, 931 (Tex. App.—Eastland 2024, no pet.) ("When an appellant does not challenge the trial court's findings of fact, those findings are binding upon both the party and the appellate court." (citing *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986))). Together, these unchallenged findings establish that the 2019 will was duly executed with the requisite formalities and not attended by suspicious circumstances. *See McGrew*, 906 S.W.2d at 56–57. Accordingly, the presumption of continuity attached to the will and the burden of rebuttal was borne by Robin. *See Hendler*, 316 S.W.3d at 711; *Harkins*, 907 S.W.2d at 59; *McGrew*, 906 S.W.2d at 56.

On appeal, Robin points to no evidence of revocation and instead focuses her arguments on the alleged conclusory nature of Andy's and Glynda's testimony. In the absence of any evidence of revocation offered by Robin, the will is presumed to not have been revoked.

Accordingly, we overrule Robin's second issue.

### III. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


March 19, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.